**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timothy Moses JOHNSON,
Defendant–Appellant.**

No. 93–5071.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 28, 1993.

Decided July 12, 1994.

Daniel A. Clancy, U.S. Atty., Joseph C. Murphy, Jr., Asst. U.S. Atty. (briefed), Christopher E. Cotten, Asst. U.S. Atty. (argued) Memphis, TN, for plaintiff-appellee.

Doris A. Randle–Holt (argued and briefed), Memphis, TN, for defendant-appellant.

Before: KEITH, NELSON, and RYAN, Circuit Judges.

RYAN, Circuit Judge, delivered the opinion of the court, in which KEITH, Circuit Judge, joined. DAVID A. NELSON, Circuit Judge (pp. 1194–96), delivered a separate concurring opinion.

RYAN, Circuit Judge.

When a specific intent is an element of a criminal charge, is intent "in issue" such that the prosecution may introduce evidence of other acts of misconduct by the defendant, under Fed.R.Evid. 404(b), regardless of the crime or the defense asserted? This is the question presented in Timothy Moses Johnson's appeal from his conviction for possession of twenty-five grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Johnson contends that the district court erred in admitting, under Rule 404(b), evidence of two prior narcotics sales to a confidential informant. We affirm.

## I.

On February 21, 1992, Shelby County, Tennessee sheriff's officers set up a surveillance of a street corner in Memphis, Tennessee, to monitor a drug deal previously arranged by a confidential informant. The officers saw defendant Johnson arrive in a car and walk down the street to a utility pole where he paused, bent over, and moved a concrete block. Johnson then walked across the street to the car in which the confidential informant was seated along with Sammy Jones, an undercover police officer. Johnson told the confidential informant and Jones that he had the drugs and asked if the two men had the money.

The confidential informant got out of the car and walked with Johnson to the utility pole. Johnson bent down, moved an object, and pointed to something. Johnson then asked the confidential informant if he was a police officer, if he was wearing a wire, and if he had the money. The confidential informant returned to the car and told Jones that Johnson had the drugs. At that point, a "take down" signal was given, and the officers arrested Johnson as he attempted to run from the scene. An officer then went to the utility pole and found four bags containing a rock-like substance underneath several pieces of concrete. The substance was later determined to be twenty-five grams of cocaine base.

Before trial, the government informed the district court of its intention to introduce evidence that Johnson had made two other drug sales less than a month earlier. The government argued that evidence of those sales was admissible under Rule 404(b) because "the 404(b) acts go to preparation, plan, motive, intent, all those in this case." The defendant objected, but the district court overruled the objection.

At trial, the confidential informant, testifying concerning the prior drug buys, stated that he bought five grams of cocaine base from Johnson in the first of the prior transactions and twelve grams in the second transaction, two days later. Immediately following the confidential informant's testimony, the district court gave the following limiting instruction:

Ladies and gentlemen of the jury, I will give you detailed instructions later, but I will tell you that any proof as to events that are not alleged in the indictment, and

I think as to this [confidential informant] we did have some testimony regarding dates and events unrelated to the indictment, should—may be weighed in some parts in the case but may not—but are not proof of the allegations as to the indictment. In other words, if it was an event that preceded it, it was another event, it *may be admissible for some purpose, perhaps to show motive or some other relevant activity,* but it is not proof and the government still has to prove beyond a reasonable doubt that the events alleged in the indictment occurred. I will give a more detailed instruction when I give you the final instructions, but I think this is an appropriate time to remind you to listen for that instruction during the final instruction to the jury.

(Emphasis added.)

Johnson testified and denied possessing any drugs on February 21, 1992. On cross-examination, the government asked Johnson about the prior drug sales. The defendant objected. The court overruled the objection and gave a second instruction to the jury:

Ladies and gentlemen of the jury, proof of what happened or may have happened on a date other than the date in the indictment is not proof as to what happened on the date of the indictment. Now, it may be *proof as to method of operations,* but it is not proof of what happened on that date. So you may only consider it for a limited purpose. It does not prove the events of February the 21st which are the subject of the indictment. I will give you a more detailed instruction at the end of the case.

(Emphasis added.)

At the close of all proofs, the court gave a third instruction to the jury:

You cannot consider this testimony as evidence that the defendant committed the crime that he is on trial for now. Instead, you can only consider it for deciding whether the defendant had the necessary *intent* to commit the crime charged *or as evidence of preparation, plan and knowl-*

*edge* in the commission of the crime charged.

(Emphasis added.)

The jury returned a verdict of guilty on May 12, 1992. The district court then sentenced Johnson to 262 months in prison. Johnson now appeals, alleging that the evidence of the two prior drug sales was inadmissible under Rule 404(b), and even if admissible for one of the purposes named in Rule 404(b), or some other purpose, should nonetheless have been excluded under Fed. R.Evid. 403 as more substantially prejudicial than probative.

## II.

We review the district court's admission of Rule 404(b) prior acts evidence under the three step analysis we announced in *United States v. Gessa,* 971 F.2d 1257, 1261–62 (6th Cir.1992)(*en banc*). First, we review for clear error the district court's factual determination that a prior act occurred. Second, we review *de novo* whether the district court made "the correct legal determination" that the evidence was admissible for a legitimate purpose. *Id.* at 1262. And third, we review for abuse of discretion the district court's determination that the "other acts" evidence is more probative than prejudicial. *Id.*

Rule 404(b) provides that:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

In ruling on the admissibility of evidence submitted under Rule 404(b), the district court must determine whether one of the factors justifying the admission of "other acts" evidence is material, that is, "in issue," in the case, and if so, whether the "other acts" evidence is probative of such factors. The court must also determine whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect. Fed.R.Evid. 403; *United States v.*

*Acosta–Cazares,* 878 F.2d 945, 948–49 (6th Cir.)(*per curiam* ), *cert. denied,* 493 U.S. 899, 110 S.Ct. 255, 107 L.Ed.2d 204 (1989).

### A.

■ The government argues that Johnson's past drug sales were relevant to show his intent to distribute cocaine on February 21, 1992. The Supreme Court held in *Huddleston v. United States,* 485 U.S. 681, 686, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988), that "[t]he threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." Thus, before 404(b) evidence may be admitted as probative of the defendant's intent, intent must be a material issue in the case. *See United States v. Bakke,* 942 F.2d 977, 982 (6th Cir.1991); *United States v. Zelinka,* 862 F.2d 92, 98 (6th Cir.1988).

Of course, the difficulty is in determining when intent is a "material issue" for purposes of Rule 404(b) admissibility. Is intent always a "material issue" within the meaning of Rule 404(b), as the government argues, when a defendant is charged with a specific intent crime like possession of cocaine with intent to distribute? The answer varies from circuit to circuit. At least one circuit holds that where intent (not even specific intent) is an element of the crime charged, evidence of other acts tending to establish intent is admissible. *See, e.g., United States v. Rivera–Sola,* 713 F.2d 866, 871 (1st Cir.1983). Several other circuits hold that where specific intent is an element of the crime charged, intent is always in issue regardless of whether the defendant has made it an issue. *See, e.g., United States v. Suntar Roofing, Inc.,* 897 F.2d 469, 479–80 (10th Cir.1990); *United States v. Weddell,* 890 F.2d 106, 107–08 (8th Cir.1989); *United States v. Mazzanti,* 888 F.2d 1165, 1171 (7th Cir.1989), *cert. denied,* 495 U.S. 930, 110 S.Ct. 2167, 109 L.Ed.2d 497 (1990); *United States v. Williams,* 816 F.2d 1527, 1531 (11th Cir.1987). Other circuits, however, recognize a distinction between cases in which a defendant claims that he did not do the charged act at all, and then makes no issue of intent, and those in which the defense theory is that the defendant acted mistakenly or innocently, with only the latter

raising a genuine issue of intent for Rule 404(b) purposes. In these circuits, the materiality of intent depends, not on the statutory definition of the offense, but on the facts of the case and the nature of the defense asserted. Simply put, these circuits reason that a defendant's denial of participation in a crime takes the "issue" of intent out of the case with the result that it cannot be a material issue in dispute. *See, e.g., United States v. Watson,* 894 F.2d 1345, 1348 (D.C.Cir.1990); *United States v. Colon,* 880 F.2d 650, 656–57 (2d Cir.1989); *United States v. Walton,* 602 F.2d 1176, 1180–81 (4th Cir.1979); *United States v. Powell,* 587 F.2d 443, 448 (9th Cir.1978); *United States v. Silva,* 580 F.2d 144, 148 (5th Cir.1978).

■ The seminal case in our circuit addressing this issue is *United States v. Ring,* 513 F.2d 1001 (6th Cir.1975). There, we adopted the rule that other acts evidence is not admissible to prove intent unless the defendant places intent in issue or intent is not inferable from proof of the criminal act itself. *Ring* was decided prior to the adoption of the Federal Rules of Evidence, but Rule 404(b), of course, merely codified the common law. Judge McCree wrote in *Ring:*

> The dispositive issue, in our view, is this: May the "intent" exception be invoked by the prosecution to permit admission of evidence of an accused's prior misconduct where the requisite criminal intent would normally be inferred from the criminal act, if proven, ... and where, at the same time, the defendant has not asserted the defense of an innocent state of mind? We conclude it may not.
>
> Certainly, intent is in issue whenever it cannot readily be inferred from proof of the criminal act charged....
>
> ....
>
> A different case would be presented if the defendant had raised the issue of intent by pleading that the act, if done, was done innocently, by mistake or accident.... No such defense was raised here, however, and we find pertinent the observations of Lord Sumner in Thompson v. The King, [1918] App.C. 221, 232, cited

in McCormick, [*Evidence* § 157, p. 331 n. 24 (1954)]:

"Before an issue can be said to be raised, which would permit the introduction of such evidence so obviously prejudicial to the accused, it must have been raised in substance if not in so many words, and the issue so raised must be one to which the prejudicial evidence is relevant. The mere theory that a plea of not guilty puts everything material in issue is not enough for this purpose. The prosecution · cannot credit the accused with fancy defenses in order to rebut them at the outset with some damning piece of prejudice."

*Id.* at 1007–08. In *Ring,* this circuit squarely rejected the rule that would allow the government to introduce other acts evidence simply to prove *mens rea. Id.* We recognize, as Judge McCree explained in *Ring,* that such an approach would emasculate Rule 404(b)'s general prohibition on character evidence and would permit the prosecution to impress the jury with highly prejudicial evidence of an accused's prior misconduct on the ground that intent was an element of the crime charged. *See* Edward J. Imwinkelried, *The Use of Evidence of an Accused's Uncharged Misconduct to Prove Mens Rea: The Doctrines Which Threaten to Engulf the Character Evidence Prohibition,* 51 Ohio St. L.J. 575 (1990).

In subsequent cases, we have followed the rule set out in *Ring.* In *United States v. Rodriguez,* 882 F.2d 1059 (6th Cir.1989), *cert. denied,* 493 U.S. 1084, 110 S.Ct. 1144, 107 L.Ed.2d 1048 (1990), and *United States v. Hamilton,* 684 F.2d 380 (6th Cir.), *cert. denied,* 459 U.S. 976, 103 S.Ct. 312, 74 L.Ed.2d 291 (1982), we held that evidence of prior crimes is admissible when specific intent is an element of the crime charged even though lack of criminal intent was not raised as a defense. In *United States v. Schaffner,* 771 F.2d 149, 153 (6th Cir.1985), we concluded that because intent could be inferred from the crime charged and the defendant "did not assert a lack of intent as part of his defense," intent was not in issue in that case. Likewise, in *United States v. Johnson,* 697 F.2d 735 (6th Cir.1983), we held:

[T]he mere fact that intent is a formal element of the government's case does not, in all circumstances, justify admission of prior act evidence. For example, we have held that where intent is a formal element of the government's case, but criminal intent can properly be inferred from the commission of the act itself, Rule 404(b)'s intent exception may not justify admission of the prior act evidence.

*Id.* at 738–39.

■ We recognize that there is a class of cases in which intent is in issue precisely because a specific intent, separate and apart from underlying prohibited conduct, is made an element of the crime charged. These are cases in which the government must prove that the defendant committed the prohibited act *and* did so with a specific intent. Such offenses might include assault with intent to rob, breaking and entering with intent to commit arson, or, as in this case, possession of cocaine with intent to distribute. Here, the government was required to prove beyond a reasonable doubt both that the defendant possessed the cocaine and that he did so with intent to distribute. In prosecuting specific intent crimes, prior acts evidence may often be the only method of proving intent. *Ring,* 513 F.2d at 1007–08. Thus, where the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent notwithstanding any defense the defendant might raise.

■ The rule might be stated as follows: where there is thrust upon the government, either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b).

That is not to say that the other acts evidence is automatically admissible in such cases. There remains the very important duty in the trial court to determine whether such evidence, in the context of a given case, is more substantially prejudicial than probative. Fed.R.Evid. 403. And it is not to say

that there may not be other circumstances in which uncharged misconduct evidence is admissible to prove intent. We have no occasion today to examine hypothetical cases not before us or to muse in *dicta* about the admissibility of such evidence in cases in which a general rather than a specific intent must be proved. The rule we have reaffirmed is narrowly stated, purposely so, to address only specific intent crimes of the type with which the defendant was charged here and not the whole range of crimes involving criminal states of mind.

■ In this case, Johnson pled not guilty and put the government to its proof. He did not admit that he possessed the cocaine, nor did he allege that he possessed cocaine with some intent other than to distribute. *See, e.g., United States v. Robison*, 904 F.2d 365, 368 (6th Cir.), *cert. denied*, 498 U.S. 946, 111 S.Ct. 360, 112 L.Ed.2d 323 (1990). Rather, Johnson denied possession of cocaine altogether. It is not entirely clear whether, by reason of his counsel's opening statement to the jury, Johnson placed in issue the intent to distribute component of the offense with which he is charged. But regardless of Johnson's defense, since the government was obligated to prove not only that Johnson possessed the cocaine, but that he did so with the specific intent of distributing it, the government's evidence of other similar acts of possession with intent to distribute was admissible subject to the court's duty to weigh the probative value of the evidence against its prejudicial effect.

### B.

■ When jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact. That, of course, is why the prosecution uses such evidence whenever it can. When prior acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered; to suggest that the defendant is a bad person, a convicted criminal, and that if he "did it before he probably did it again." That is

why the trial court's duty is to apply Rule 404(b) correctly and, before admitting such evidence, to decide carefully whether it will be more substantially prejudicial than probative. A legitimate component of that weighing process is the trial court's informed judgment whether, despite the "technical" admissibility of the other acts evidence, the jurors are more likely than not to use the evidence for the very purpose for which the first sentence of the rule states that it may not be used. And when the trial court's final decision is made, the balancing having been done, and the jurors are permitted to hear of the defendant's prior misconduct, it is important that the jurors then be clearly, simply, and correctly instructed concerning the narrow and limited purpose for which the evidence may be considered. That was not done in this case.

Although the balancing of probative value and substantial prejudice may be "subsumed in the court's ruling admitting the evidence," *Acosta–Cazares*, 878 F.2d at 950, it is because prior acts evidence carries with it such a high risk of confusion and misuse that there is a heightened need for the careful application of the principles set out in Rule 403. In this case, the district court did not make an explicit finding on the probative value versus the prejudicial effect of the evidence. The court gave the jury three separate and inconsistent instructions on the purposes for which the prior acts could be considered. The court first instructed the jury that the prior bad acts evidence was "admissible for some purpose, perhaps to show motive or some other relevant activity"; it later instructed that the evidence was admissible as "proof as to method of operations"; and still later stated that the evidence was admissible to show "intent to commit the crime charged or as evidence of preparation, plan and knowledge in the commission of the crime charged."

■ The first instruction, that the evidence was admissible "to show motive," is mistaken. Motive was not in issue in this case. It was not an element of the crime charged, and the defendant did not claim, for example, that he committed the charged offense for some innocent purpose.

The second instruction, that the evidence could be used as proof of "method of operations," is also mistaken. In cases in which the *identity* of the perpetrator of the crime charged is in issue, evidence that the defendant committed other acts utilizing the same *modus operandi* or method of operation as was employed by the perpetrator of the crime charged, is admissible as tending to prove that the defendant committed the crime charged. *United States v. Fountain*, 2 F.3d 656, 668 (6th Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 608, 126 L.Ed.2d 573 (1993); *see also* Glen Weissenberger, *Federal Evidence* § 404.17 at 92 (1987). The theory is that if the method of operation employed in all of the crimes is essentially identical and sufficiently unique, the method can be said to be the "signature" of the defendant, thus tending to prove his identity as the perpetrator of the crime charged.

But here, there was no dispute about the *identity* of the perpetrator of the crime charged. Johnson did not claim, for example, that someone else possessed the twenty-five grams of cocaine base with intent to distribute it and that his arrest was the result of mistaken identity. His defense was that no one was seen to have possessed the narcotics when he was arrested and that, in all events, he was an innocent passerby. Even if identity were in issue, there is nothing so unusual or so unique in the manner in which the "other acts" and the charged offense were committed as to suggest the "signature" of a single actor—Johnson.

The third instruction given to the jury was that the evidence was admissible to show "intent to commit the crime charged or as evidence of preparation, plan and knowledge" is likewise in error. Knowledge is a "material issue" when the defendant claims he was unaware that he was committing a criminal act. 2 *Weinstein's Evidence* ¶ 404[13], 404–79 to 404–81 (1993). In this case, knowledge was not at issue because Johnson did not argue, for example, that he possessed the drugs by mistake or inadvertence, or that he was so intoxicated as to be unaware of what he was doing. Rather, he denied possessing the drugs at all. Likewise preparation or plan were not in issue. There

was no suggestion, for example, in the government's theory of the case that the other acts were preliminary steps necessary to the success of a greater, overall criminal enterprise.

The cases in this and other circuits reveal a remarkable willingness in trial courts to readily admit, and in appellate courts to readily approve, other acts evidence without any clear articulation of the specific rationale justifying its admission. To apply Rule 404(b) fairly, the district court must carefully identify, in its instructions to the jury, the specific factor named in the rule that is relied upon to justify admission of the other acts evidence, explain why that factor is material, and warn the jurors against using the evidence to draw the inferences expressly forbidden in the first sentence of Rule 404(b).

We are troubled by the instructions given in this case. It is likely that the three substantially incorrect and thoroughly contradictory instructions on the permissible use of the evidence of the prior drug sales confused the jurors and even unwittingly encouraged them to use the evidence for the purpose expressly forbidden in the rule. Nevertheless, because: 1) the district court's instructions did ultimately include a reference to the proper purpose for which prior acts evidence may be used; 2) the defendant's counsel registered no objection to the instruction given once the evidence was ruled admissible; and 3) the evidence of the defendant's guilt is overwhelming, we conclude that the imprecise instructions did not contaminate the verdict, and thus did not result in a miscarriage of justice.

### III.

For the foregoing reasons, we **AFFIRM** the judgment of conviction.

DAVID A. NELSON, Circuit Judge, concurring.

I concur in the judgment and in most of the opinion Judge Ryan has written for the court. I am not particularly troubled by anything the trial court did here, however, and I write separately to explain why.

By way of background, it may be helpful to note that although defense counsel did, prior to opening statements, present an objection to the introduction of Rule 404(b) evidence, the sole point of her objection was that the prosecutor had not previously told her the purpose for which he intended to offer such evidence. The court then inquired what the purpose was, and the prosecutor responded that the evidence would be offered to show "[i]ntent, motive, lack of mistake, preparation, plan, all those things." Defendant Johnson's lawyer offered no rejoinder to this, and the court ultimately ruled "that *based on what I have at this point*, the evidence would be admissible ... under 404(b)...." (Emphasis supplied.) The defense was clearly not precluded from raising further objections when the prosecutor attempted to develop the evidence during the trial itself—at which time the court could be expected to have a fuller understanding of the factual setting—but no such objection was made at any time during the presentation of the prosecution's case-in-chief.[1]

In her opening statement to the jury, defense counsel emphasized that the government had the burden of proving both the element of possession and the element of intent to distribute:

"Is there credible, believable proof beyond a reasonable doubt that he knowingly and willfully ever possessed it, number one. Number two, did he possess it with the intent to distribute it to someone else, and ... once they proved that he possessed it, was that substance crack cocaine?"

Defense counsel went on to tell the jury that "we don't dispute that the substance the officers found ... is crack cocaine." She explained, however, that both the element of possession and the element of intent remained very much in issue: "Mr. Johnson *does* dispute that he ever possessed it, that he ever possessed cocaine *with the intent to distribute*." (Emphasis supplied.)

When defendant Johnson took the stand, he denied having possessed the crack cocaine

at all. In response to questions posed by his lawyer, however, he also testified that his intent in meeting with the confidential informant on the day in question was to take the informant's money without turning over any drugs. Johnson claimed to have been leading the confidential informant to believe that Johnson would give him dope in exchange for dollars, but the testimony was that this was not what he actually intended to do. "What were you going to do?" the defendant's lawyer asked.

"A. I was going to make the block and leave with the money.

Q. Were you going to give him anything for his money?

A. No, I wasn't.

Q. Did you think he was going to call the police on you?

A. I know he couldn't call the police.

Q. Why?

A. What could he tell them? What would he tell them, fixing to buy some dope?"

If the jury had believed this testimony, it would have been obligated to acquit the defendant of the possession-with-intent-to-distribute charge even if it also believed that the trap Johnson claimed to have been setting for the confidential informant was actually baited with drugs.

Against this background I turn to the first of the limiting instructions in question, an instruction given at the request of defense counsel after the confidential informant had testified (without objection) about the prior drug sales. In telling the jury that the evidence did not constitute proof of the allegations in the indictment but "may be admissible for some other purpose, perhaps to show motive or some other relevant activity," the court was making a statement that strikes me as accurate as far as it went. It seemed accurate to defense counsel as well, presumably, because she made no request for clarification or expansion of the instruction.

1. After the prosecution had rested its case, Defendant Johnson elected to testify on his own behalf. His lawyer objected to the prosecution's cross-examining him on his prior drug sales, but the objection was based on the ground that the cross-examination went beyond the scope of direct, and not on the ground that the evidence was inadmissible under Rule 404(b).

The second limiting instruction—also given at the request of defense counsel and also accepted by her without request for clarification or expansion—told the jury that although the evidence of prior acts did not constitute proof as to what happened on the date referred to in the indictment, "it may be proof as to method of operations...." I am not sure that this was error. If the defendant's *modus operandi* in the past had been to make delivery of drugs he had agreed to sell, rather than taking the customer's money and keeping the drugs himself, perhaps the jury was entitled to take this into consideration. We need not decide the point, in my view, because if the instruction was erroneous at all, it was not plainly erroneous. At most, in other words, it constituted the kind of error that would have had to be brought to the court's attention through a timely objection if anything were to be made of it on appeal.

The final prior-bad-acts instruction was included in a general charge worked out with the attorneys at the end of the case. Stating that "I don't want the whole laundry list in there," the judge proposed telling the jury that "you can *only* consider [the prior-bad-acts evidence] in deciding whether the defendant had the necessary *intent* to commit the crime charged." (Emphasis supplied.) The prosecutor wanted the list expanded to include "preparation, plan and knowledge," and the judge decided that this would be appropriate. Defense counsel affirmatively stated, at the end of the charge conference, that she had "[n]o objection" to what had been worked out.

The general charge—which instructed the jury, among other things, that "each of the essential elements of the offense" (both the element of possession and the element of intent to distribute) was in issue—conformed exactly to what had been agreed upon at the charge conference. "[Y]ou can only consider [the prior-bad-acts evidence] for deciding whether the defendant had the necessary intent to commit the crime charged," the jury was told, "or as evidence of preparation, plan and knowledge in the commission of the crime charged." When the court finished the delivery of its instructions to the jury, the defendant's lawyer and the prosecutor both stated that they had no objection to what the jury had been told.

Given all this, I feel quite confident in saying that the verdict was not contaminated in any way.