47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell SPENCER, Defendant-Appellant.
 No. 93-2273.
 United States Court of Appeals, Sixth Circuit.
 Jan. 4, 1995.
 
 BEFORE: KRUPANSKY, GUY, and NORRIS, Circuit Judges.
 OPINION
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Defendant, Darrell Spencer, appeals from convictions for crimes related to drug trafficking. He cites as error remarks made by the prosecutor during his opening statement, as well as the introduction of evidence related to prior arrests and convictions. Finally, defendant contends that the evidence produced at trial was insufficient to support his conviction. After careful review, we conclude that these arguments are without merit and therefore affirm.
 
 I.
 
 2
 This prosecution stems from a cocaine base "buy-bust" operation organized by Drug Enforcement Agency ("DEA") agents in Detroit. After arresting an individual named Myron Vaughn for drug trafficking, DEA agents used him as a "cooperating individual."
 
 
 3
 At the direction of the agents, Vaughn arranged to purchase cocaine base from a source. This transaction subsequently occurred in a liquor store parking lot located within 1,000 feet of two public schools. A white van appeared and Vaughn got in. Before DEA agents could make an arrest, however, the van sped away. After colliding with another car, three men jumped from the van and ran. Defendant was arrested as he fled down an alley.
 
 
 4
 In a three-count indictment, a grand jury charged defendant with drug trafficking (21 U.S.C. Sec. 841(a)(1)), drug trafficking within 1,000 feet of a public school (21 U.S.C. Sec. 860), and use of a firearm in relation to a drug-trafficking offense (18 U.S.C. Sec. 924(c)(1)). Defendant elected to go to trial and was convicted on all counts.
 
 II.
 A. Opening Statement
 
 5
 During opening statement, the Assistant United States Attorney ("AUSA") described at some length to the jury members what they could expect the evidence to show. Myron Vaughn's role featured prominently in that recitation, although at no point did the AUSA tell the jury that Vaughn would testify.
 
 
 6
 At oral argument, the government conceded that it had originally expected to call Vaughn as a witness but that, shortly before trial began, Vaughn expressed reservations about testifying. Ultimately, he invoked his Fifth Amendment right not to be compelled to be a witness against himself.
 
 
 7
 Defense counsel moved for a mistrial, which was denied. On appeal, defendant contends that the government implied during opening statement that Vaughn would testify and thus impermissibly tainted the jury's perception of other evidence in the case.
 
 
 8
 Fairness to the accused is the critical inquiry when assessing the merits of a motion for a mistrial. United States v. Atisha, 804 F.2d 920, 926 (6th Cir.1986), cert. denied, 479 U.S. 1067 (1987). In our view, Vaughn's belated decision not to testify in no way rendered the trial unfair to defendant; if anything, this development undermined the government's case to the extent that Vaughn's direct knowledge of defendant's illicit activities would have provided an insight into events that the testimony of the DEA agents could not replicate. Moreover, the district court properly instructed the jury that opening statements do not constitute evidence.
 
 
 9
 Accordingly, we conclude that the district court did not abuse its discretion in denying defendant's motion for a mistrial.
 
 B. Prior Arrest and Conviction
 
 10
 During trial, the district court permitted the government to introduce evidence that defendant had been previously convicted of drug trafficking in state court and had been arrested for the possession of a handgun, a charge for which he was later acquitted.
 
 
 11
 Federal Rule of Evidence 404(b) permits the introduction of evidence relating to other crimes or acts if they show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Such evidence is not appropriate, however, to "prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b). The district court enjoys discretion when determining whether other acts evidence is more probative than prejudicial. United States v. Johnson, 27 F.3d 1186, 1190 (6th Cir.1994) (citing United States v. Gessa, 971 F.2d 1257, 1262 (6th Cir.1992) (en banc)).
 
 
 12
 During trial, defendant explained that he was an innocent passenger in the van. According to his testimony, he had merely flagged down a ride from an acquaintance and found himself caught up in events. In light of this explanation, the Rule 404(b) material assumes probative value insofar as it rebuts defendant's contention that he was the victim of an innocent mistake.[1] See United States v. Acosta-Cazares, 878 F.2d 945, 949-50 (6th Cir.), cert. denied, 493 U.S. 899 (1989).
 
 C. Sufficiency of the Evidence
 
 13
 Finally, defendant contends that the government failed to produce sufficient evidence to sustain his conviction. After reviewing the record as a whole, however, we conclude that the evidence presented at trial is more than adequate to support the jury's verdict under the standard set forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 III.
 
 14
 For the foregoing reasons, the conviction and sentence are affirmed.
 
 
 
 [1]
 While we recognize that evidence of prior acts that resulted in an acquittal can be admitted pursuant to Rule 404(b), Dowling v. United States, 493 U.S. 342 (1990), prosecutors should use such evidence with caution because it has the potential to result in the unfair prejudice that Fed.R.Evid. 403 is designed to prevent. See Johnson, 27 F.3d at 1193 (discussing potential prejudicial impact of other acts evidence)