57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Clifford CRUM, Defendant-Appellant.
 No. 94-6400.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1995.
 
 Before: MERRITT, Chief Judge; BROWN and MARTIN, Circuit Judges.
 
 
 1
 kORDER
 
 
 2
 Clifford Crum, a federal prisoner, appeals his conviction on one count of receiving a bribe in violation of 18 U.S.C. Sec. 201(b)(2)(C). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Crum, who was a federal Coal Mine Safety and Health Inspector at the time of the offense, was charged with accepting $200 in return for his agreement not to properly inspect and report violations at Ace Colliery, Inc., a coal mine operating in Pike County, Kentucky. Following a three-day jury trial, Crum was found guilty and was sentenced on October 17, 1994, to 13 months in prison and two years of supervised release. In addition, the district court ordered Crum to pay $200 in restitution to the coal company.
 
 
 4
 On appeal, Crum argues that: (1) the trial court improperly admitted evidence of other crimes, and (2) the government offered no proof to establish the third element of the offense of bribery.
 
 
 5
 Upon review, we affirm the district court's judgment because the audio cassette tape containing evidence of other crimes was properly admitted and the government presented evidence sufficient to establish that Crum received the money as an inducement to do or omit to do an act in violation of his official duties.
 
 
 6
 This court reviews the admission of Rule 404(b) prior acts evidence under a three-step analysis: (1) review for clear error the district court's factual determination that a prior act occurred, (2) review de novo whether the district court made the correct legal determination that the evidence was admissible for a legitimate purpose, and (3) review for abuse of discretion the district court's determination that the other acts evidence is more probative than prejudicial. United States v. Johnson, 27 F.3d 1186, 1190 (6th Cir.1994) (citing United States v. Gessa, 971 F.2d 1257, 1261-62 (6th Cir.1992) (en banc)), cert. denied, 115 S.Ct. 910 (1995). When the three-part analysis described above is applied to the challenged portions of the tape recorded conversation between Crum and the informant Kendrick, it is clear that the district court did not err in admitting the tape for the purpose of proving intent.
 
 
 7
 First, the district court did not clearly err when it found that the prior acts occurred. To support that finding, the court could reasonably rely upon Crum's own statements as recorded in the tape-recorded conversation.
 
 
 8
 Second, the district court did not err in its legal conclusion that the challenged portions of the tape were admissible for the legitimate purpose of proving intent. Before prior acts evidence may be admitted for this purpose, intent must be a material issue in the case. Johnson, 27 F.3d at 1191. This circuit recognizes that, "[i]n prosecuting specific intent crimes, prior acts evidence may often be the only method of proving intent. [citation omitted] Thus, where the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent notwithstanding any defense the defendant might raise." Id. at 1192. The defense conceded that bribery is a specific intent crime.
 
 
 9
 The recorded conversations between Crum and Kendrick clearly involve the payment of $500 by mine operator Clinton Bartley to Kendrick, $200 of which would be passed on to Crum. However, since Crum had not yet been assigned to perform the regular inspections on Bartley's mine, the discussion relating to previous "help" from mine operators for whom he did perform regular inspections was probative of the purpose for this $200 payment. For this reason, the challenged portions of the tape were relevant and probative of Crum's specific intent to accept a bribe to "go light" on Bartley in future inspections.
 
 
 10
 Finally, the district court did not abuse its discretion in determining that the probative value of this evidence outweighed its prejudicial value. As already stated, the probative value of Crum's prior acts to prove his specific intent was substantial. The district court expressly weighed this factor against the prejudicial effect the evidence might have and concluded that the probative value did indeed outweigh any prejudice to Crum, noting that Crum was free to call witnesses to rebut the statements.
 
 
 11
 Crum next argues that the government did not prove the third element of bribery because it did not present evidence that Crum performed or omitted to perform an official act. "Sufficient evidence exists to support a criminal conviction if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could accept the evidence as establishing each essential element of the crime." United States v. Spears, 49 F.3d 1136, 1140 (6th Cir.1995) (citing Jackson v. Virginia, 443 U.S. 307, 324-26 (1979)). The reviewing court does not reweigh the evidence or determine the credibility of witnesses, which is exclusively the province of the jury. Spears, 49 F.3d at 1140.
 
 
 12
 The parties agree that, in order to convict a party for a violation of 18 U.S.C. Sec. 201(b)(2)(C), the government must prove: (1) the defendant was a public official of the United States, (2) the defendant directly or indirectly demanded, sought, received, accepted, or agreed to receive or accept something of value, and (3) the defendant did so "corruptly" in return for being induced to do or omit to do any act in violation of his official duty. Crum does not claim that there was no evidence to establish the first two elements set forth above; he only challenges the sufficiency of the evidence as to the third.
 
 
 13
 Crum maintains that, even if he did receive $200 from Bartley, the money was for the inspection quarter already passed, during which Crum made only a follow-up inspection during which he performed his duties properly. Thus, it could not serve as an inducement "to do or omit to do any act" in the future and represented, at most, an illegal gratuity. The government, on the other hand, contends that evidence was presented by which the jury could find that the money was indeed an inducement designed to influence future actions. The district court agreed with the government, citing United States v. Myers, 692 F.2d 823 (2d Cir.1982), cert. denied, 461 U.S. 961 (1983). After examining the legislative history of the bribery statute, the Second Circuit concluded that "it is the purpose for which the recipient knows the bribe is offered or given when he solicits, receives, or agrees to receive it which is determinative of criminality." Id. at 841.
 
 
 14
 The testimony of both Kendrick and Bartley, as well as the transcript of the tape recorded conversations, provides sufficient evidence that Crum knew that the $200 offered and accepted was not just for the inspection quarter already past, but was intended by Bartley to "make a better working relationship" with Crum in the future. As credited by the jury, this evidence was sufficient to establish the third element of the offense with which Crum was charged.
 
 
 15
 Accordingly, the district court's judgment, entered on October 20, 1994, is affirmed.