NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0024n.06
Filed: January 13, 2009

No. 07-6105

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| TONY MITCHELL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GUY and GRIFFIN, Circuit Judges; and WATSON, District Judge.[*]

GRIFFIN, Circuit Judge.

Defendant Tony Mitchell appeals his conviction for possession of crack cocaine in excess of 50 grams and for being a felon in possession of a firearm. He argues that the district court erred in denying his motion to suppress the drugs and firearms discovered during a consent search of his girlfriend's apartment, and in allowing "other acts" evidence of his subsequent selling of crack cocaine to an undercover police officer. Also, he claims that the evidence was insufficient to support the jury's verdict. Because each of these arguments lack merit, we affirm.

I.

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

On December 2, 2002, Lieutenant Jeff Clark and Officers Dickerson and Nelson of the Memphis Police Department traveled to 1480 Patten, apartment 4, to execute a federal arrest warrant in a neighborhood known for prolific drug activity. Lieutenant Clark went to the back of the apartment while Dickerson and Nelson knocked on the front door. At the same time, a car pulled in, and Lt. Clark stepped behind the corner of the building to hide, so he would be able to see if the subject of the arrest warrant was in the car. When the car stopped, Lt. Clark directed his flashlight at the car and saw the driver, defendant Tony Mitchell,[1] push something towards the console. Not knowing what it was, and concerned for his safety, Lt. Clark ordered Mitchell to get out of the car. Mitchell complied, and Lt. Clark observed that the object Mitchell attempted to hide was a plastic bag containing cocaine.

Mitchell denied living at the apartment, but his keys matched the lock on the door. Soon thereafter, Clark was called away to assist with an investigation involving a police shooting, but he arranged for Shelby County Sheriff Deputies Ballard and Trammell to take over the investigation. In the meantime, two women arrived at the apartment. One of them, Artara Rush, identified herself as the resident of apartment number 4 and stated that Mitchell was her boyfriend. Ballard told Rush about the drugs discovered in the car, and Rush responded: "I've told him about this, I've told him about this, you know, I don't want this stuff anywhere around my house. I've got kids, you know, and I don't want it in my apartment, and I don't want it around . . . ." Ballard asked Rush for permission to search the apartment, and she consented, both verbally and by signing a written

---

[1] Mitchell was not the subject of the arrest warrant.

consent agreement. Ballard testified that Rush appeared to be angry towards Mitchell and said that she would be upset if there were any narcotics in the apartment.

Upon searching the apartment, Ballard discovered in a dresser drawer a .38 revolver and a 9mm automatic pistol, both of which were loaded. Ballard also found in a vacuum cleaner 42 grams of crack cocaine and 28 grams of powder cocaine. Adjacent to the vacuum cleaner was a box containing a digital scale, ammunition, and Mitchell's social security card.

After Mitchell was given his Miranda warnings and signed a Miranda waiver, he told Ballard that the .38 revolver and the drugs were his and did not belong to Rush. Further, he denied owning the 9mm, but admitted that it was in his possession and that he was holding it for his uncle.

Gerald Powell, an investigator for the Federal Public Defender's Office, also testified at the suppression hearing. Powell interviewed Rush in May of 2006, but was subsequently unable to locate her. Powell testified that Rush claimed that she did not consent initially to the search of her apartment and that she agreed to the search only after the police threatened to get a search warrant and take her children from her. After his arrest, but before his indictment, Mitchell was arrested in conjunction with a different incident in which he allegedly sold drugs to an undercover police officer.

In the present case, a federal grand jury indicted Mitchell on July 14, 2005. Following a jury trial, he was convicted of possession with intent to distribute crack cocaine in excess of 50 grams in violation of 21 U.S.C. § 841(a)(1), and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He timely appealed.

II.

First, Mitchell argues that the district court erred by not granting his motion to suppress the evidence discovered at Rush's apartment. When reviewing a district court's denial of a motion to suppress, "we defer to the district court's factual findings unless they are clearly erroneous. Legal conclusions, however, are reviewed *de novo*." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc) (citing *United States v. Bartholomew*, 310 F.3d 912, 919 (6th Cir. 2002)). A factual finding is clearly erroneous when, "although there may be evidence to support it, the reviewing court, utilizing the entire evidence, 'is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Ellis*, 497 F.3d 606, 611 (6th Cir. 2007) (quoting *United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999)). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

The totality of defendant's argument in favor of suppression is that:

The district court clearly erred in not finding that Rush felt compelled to grant consent or that she merely acquiesced to the police officers [sic] show of authority. Powell testified that Rush claimed that the officers threatened to have her arrested and her children taken away from her if they were forced to secure a search warrant.

It is undisputed that police officers may enter and search a home without a warrant if the homeowner consents to the search. *See United States v. Jenkins*, 92 F.3d 430, 436 (6th Cir. 1996) ("An officer with consent needs neither a warrant nor probable cause to conduct a constitutional search."). Defendant does not deny that Rush consented to the search; rather, he argues that the consent was not voluntary because it was allegedly made under duress. However, the district court

heard testimony from the officers and received hearsay evidence from Powell regarding Rush's statements, and the trial judge made a factual finding regarding the validity of the consent based on the credibility of the officers' testimony:

> My view is that there was valid consent to enter the apartment, that Ms. Rush was not under duress, she wasn't coerced, she wasn't submitting to authority, she knew what she was doing and she did it. That's what the totality of the circumstances here suggest to me and what the credible testimony suggest to me.

When reviewing a district court's denial of a motion to suppress, we are required to view the evidence in the light most likely to support the decision of the district court. *United States v. Alexander*, 540 F.3d 494, 500 (6th Cir. 2008); *see also United States v. Martin*, 526 F.3d 926, 936 (6th Cir. 2008). We may overturn a district court's factual finding that the search was voluntary only if such a finding is clearly erroneous. *United States v. Elkins*, 300 F.3d 638, 647 (6th Cir. 2002). Although defendant disagrees with the district court's conclusion, his bald assertion that the district court erred by not ruling in his favor does not rise to the level of demonstrating that the district court committed clear error.

III.

Next, Mitchell argues that the district court erred by admitting testimony regarding the facts relating to the February 18, 2005, incident. Mitchell asserts that this "other acts" evidence is irrelevant and prejudicial because it involves a matter that occurred fourteen months *after* the present offenses for which he was indicted and involved facts that were not substantially similar to the facts at bar. In the alternative, he argues that the evidence was more prejudicial than probative and effectively "precluded him from having the benefit of the presumption of innocence." The

government responds that the facts regarding the subsequent incident were properly admitted because they support the intent element of the crime at bar. Further, even if the district court erred in admitting the evidence, the government argues that such error was harmless because, in light of Mitchell's confession, the case against him was overwhelming.

This court "reviews a district court's evidentiary rulings for abuse of discretion, and a district court's determination will be reversed only if the abuse of discretion caused more than harmless error." *Tompkin v. Phillip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004); *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997) (specifying that abuse of discretion review applies to appeals from a district court's evidentiary rulings). "Even if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial." *Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 514 (6th Cir. 1998); *see also Taylor v. TECO Barge Line, Inc.*, 517 F.3d 372, 378 (6th Cir. 2008 ) (same).

Federal Rule of Evidence 404(b) prohibits the introduction of evidence of other acts to show a propensity for crime or to impugn the defendant's character. *See* FED. R. EVID. 404(b). However, the rule also provides that evidence of other acts may "be admissible for other purposes, such as proof of motive, opportunity, intent . . . ." *Id*.

The district court allowed the evidence of the subsequent incident for the limited purpose of establishing Mitchell's specific intent to distribute the drugs in the instant case. The district court issued a limiting instruction to the jury before admitting the evidence, and another limiting instruction before the jury deliberated. We have held that "where there is thrust upon the

government, either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b)." *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). Because specific intent was an element of the charged offenses, and because the district court properly limited the scope of the evidence to this element, the district court did not abuse its discretion in ruling that the evidence was relevant and admissible for this limited purpose.

In the alternative, defendant argues that the evidence of the subsequent incident was inadmissible because its probative value was outweighed by the danger of unfair prejudice. FED. R. EVID. 404(b) requires the district court to balance the probative value of the evidence against its risk of having a prejudicial effect, but "[b]road discretion is given to district courts in determinations of admissibility based on considerations of relevance and prejudice, and those decisions will not be lightly overruled." *United States v. Chambers*, 441 F.3d 438, 455 (6th Cir. 2006); *see also United States v. Zipkin*, 729 F.2d 384, 390 (6th Cir. 1984) ("If judicial self-restraint is ever desirable, it is when a Rule 403 [prejudicial effect] analysis of a trial court is reviewed by an appellate tribunal."). Here, defendant has failed to show that the district court abused its discretion in balancing the probative verses the prejudicial effects of the evidence of Mitchell's subsequent arrest, particularly in light of the limiting instruction the court gave the jury.

The government argues further that even if the district court erred, such error was harmless because of the overwhelming evidence of guilt, including defendant's own admission that he

possessed the contraband. We agree that any error would be harmless under these circumstances in light of the other evidence admitted at trial.

IV.

Finally, Mitchell argues that the evidence presented at trial was insufficient for a reasonable juror to conclude beyond a reasonable doubt that he possessed the firearms and narcotics. Specifically, Mitchell argues that because the contraband was found inside Rush's apartment, it is just as likely that it belonged to her as to him.

A defendant who alleges that the evidence produced at trial was insufficient to support his conviction bears a "very heavy burden." *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999). The Supreme Court has held that when considering such appeals, "the relevant question is whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006).

In the present case, we hold that there was ample evidence to support defendant's conviction. Ballard testified that Mitchell admitted to possessing both firearms and all of the drugs found in the apartment. Furthermore, police discovered the contraband within his reach of a box containing a digital scale, ammunition, and Mitchell's social security card, in a room that contained male clothing. While it is possible that there are other explanations for the location of these items, we are required to "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict,

and it is not necessary for us to exclude every reasonable hypothesis but guilt." *United States v.*

*Avery*, 128 F.3d 966, 971 (6th Cir. 1997).

V.

For the reasons stated, we affirm the judgment of the district court.