KETHLEDGE, Circuit Judge,
dissenting.
The government presented overwhelming evidence at trial that Harris and Bronson had operated a mortgage-fraud scheme through Corsmeier’s title company. The only real dispute was whether Corsmeier was in on the scheme. She insisted that she was not—that she had instead been duped by Harris and Bronson. To bolster that defense, Corsmeier argued that she had little incentive to participate in the scheme, because her company received the same fees from the fraudulent closings initiated by Harris and Bronson as it did from legitimate ones initiated by other mortgage brokers. To rebut that argument, the government offered evidence that Harris had provided Corsmeier with free cocaine on four or five occasions over the three years that the scheme was in operation. The district court admitted the evidence, cautioning the jury to consider it “only in relation to ... Corsmeier’s motives, if any, to commit the crimes charged in the indictment.” In my view, the district court did not abuse its discretion in doing so.
There is only a minor role in this case for Federal Rule of Evidence 404(b), which makes “[e]vidence of other crimes, wrongs, *423 or acts” inadmissible “to prove the character of a person in order to show action in conformity therewith.” The government did not offer the cocaine evidence “to show action in conformity therewith”—to prove that Corsmeier used cocaine on occasions other than the ones to which the evidence pertained. Rather, it offered the evidence as proof of Corsmeier’s motive to participate in the fraud, which is one of the permissible purposes listed in the rule. See Fed.R.Evid. 404(b). The evidence at issue, therefore, was not propensity evidence in the usual sense.
The majority does not dispute any of this. It concludes instead that the cocaine evidence was irrelevant to the issue of Corsmeier’s motive, primarily because Harris gave Corsmeier relatively small amounts of cocaine, and then only to improve his “relationship” with her. But evidence is relevant if it has “any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Fed.R.Evid. 401. And I think it a basic fact of human nature—at least as commonly perceived—that a person is more likely to accommodate the request of another if the latter person has at some point given the former something of value. Otherwise, for example, vendors and professional firms would send their clients a lot fewer sports tickets and fruit baskets around the holidays. Free cocaine, for persons who like to use it, does not seem to me any different. Evidence that Harris provided Corsmeier with free cocaine thus made it more likely that she was inclined to participate in the fraud. Since “any tendency” is enough, the evidence was relevant.
For two reasons, I also think that the evidence’s probative value was not substantially outweighed by its prejudicial effect. See Fed.R.Evid. 403. First, Corsmeier herself injected the issue of motive into the case. This case is unlike a drug-trafficking one in which the government proffers a prior conviction to prove an element—such as knowledge or intent to distribute—that is technically at issue but in fact not disputed by the defendant. Cf. United States v. Johnson, 27 F.3d 1186, 1192 (6th Cir.1994); United States v. Jones, 455 F.3d 800, 812 (7th Cir.2006) (Easterbrook, J., concurring). The evidence went to a seriously contested issue here.
Second, the crimes with which Corsmeier was charged were completely different from the prior acts to which the evidence pertained. In this regard too her case is unlike the typical drug-trafficking prosecution, where the obvious fit between prior conviction and current charge can make the inference of propensity irresistible. Where, as here, the evidence concerns an act different in kind from the charged offense, the jury can better separate the legitimate purpose from the forbidden one and thus follow the limiting instruction. “Once a drug dealer, always a drug dealer” is a seductive line of reasoning. “Once a drug user, always a fraudster,” less so.
I therefore believe that the district court did not abuse its discretion in admitting evidence of Corsmeier’s cocaine use. Because I think that her Youngblood and prosecutorial-misconduct claims fail as well, I would affirm the judgment of the district court.
For these reasons, I respectfully dissent.