CLAY, Circuit Judge,
concurring.
I concur in the holding that the district court’s judgment should be affirmed as to both defendants. However, because the testimony about English’s involvement in prior fraudulent schemes should not have been admitted, I would affirm his conviction on the basis of harmless error only.
Federal Rule of Evidence 404(b) prohibits admitting evidence of a person’s prior wrongful acts for propensity purposes, that is, “to prove a person’s character in order to show that on a particular occasion the person acted in accordance with the character.” Under 404(b)(2), evidence of prior bad acts may be admitted for certain permissible purposes including, as relevant here, intent. Fed. R. Ev. 404(b)(2); United States v. Johnson, 27 F.3d 1186, 1192 (6th Cir.1994) (“[W]here the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the' defendant acted with specific intent”). A district court must apply a three-step analysis to determine the admissibility of 404(b) evidence:
First, the court must find, based on sufficient evidence, that' the other act in question actually occurred. The court next decides whether the evidence is probative of a material issue other than character. Finally, the court determines whether any unfair prejudice generated by the other act evidence is substantially outweighed by its probative value.
United States v. Mack, 729 F.3d 594, 601 (6th Cir.2013) (citations omitted). We review the district court’s factual findings for clear error, its conclusions of law de novo, and its determination that the probative value of the contested evidence substantially outweighed- the danger of unfair prejudice for abuse of discretion. Id.
On appeal, English challenges testimony offered by two different witnesses, Felicia Marsh and Atul Patel, about two different prior fraudulent schemes. Felicia Marsh, a New Century employee, described falsifying treatment records at English’s direction years earlier at a different clinic. This evidence was arguably probative of intent because it demonstrated reliance on the same modus operandi. See United *1058 States v. De Oleo, 697 F.3d 338, 343 (6th Cir.2012) (holding that evidence that the defendant had previously relied on the same employee to fabricate medical charts at another clinic was probative of intent at later clinic where the employee fabricated medical charts in the same way). However, probative value in the context of 404(b) evidence “is not an absolute; its value must be determined with regard to the extent to which the. [material issue] is established by other evidence, stipulation or inference.” United States v. Roberts, — Fed.Appx.-,-, 2015 WL 831908, *9 (6th Cir.2015) (citation and quotation marks omitted). In light of the extensive evidence tending'to show English’s fraudulent intent, including Marsh’s testimony that she was directed to falsify records at New Century, the “incremental probative value” of her testimony about the prior clinic was next to nonexistent. See id. At the same time, evidence that a defendant has committed the same crime on an earlier occasion has an undoubtedly prejudicial effect. Johnson, 27 F.3d at 1193. In light of the obvious imbalance between the negligible probative value of Marsh’s testimony about fraud at a prior clinic, and the unavoidably prejudicial effect of suggesting to the jurors that English had a propensity for fraud, the decision to allow the testimony was an abuse of discretion.
The .second witness, Atul Patel, described seeing English sell patient referrals for cash to a man named Vinod Patel (no relation), who was then running a scheme that entailed charging Medicare for home health services that were neither needed nor provided. Significantly, after selling patient referrals to Vinod on at least two occasions, English approached the Patels for support in setting up his own operation, and with Vinod’s support went on to create New Century. Atul testified that Vinod gave English a loan to start the company and allowed him to take over an existing scheme selling prescription drugs to Medicare beneficiaries in Flint, complete with an existing doctor willing to issue the prescriptions and an established customer base. On appeal, English appears only to challenge the portion of this testimony that described him selling referrals to Patel for the distinct fraudulent scheme related tq home health care. The government does not articulate how the referral sales are probative of English’s knowledge or intent — leaving us only with the forbidden inference that because English participated in health care fraud “in the past, it is likely that he was doing so in the present case.” United States v. Bell, 516 F.3d 432, 445 (6th Cir. 2008). Because the testimony about the sales was not probative of knowledge or intent except through the forbidden inference of propensity, the district court erred in allowing it to come in.
The majority briefly suggests that testimony that English had been involved in prior Medicare fraud schemes was probative of knowledge because it was evidence that he was “aware of how such schemes operated.” Maj. Op. at 1055. While prior bad acts evidence may sometimes come in to prove knowledge under Rule 404(b), admissibility under this rationale is subject to a threshold inquiry of whether knowledge is material issue in the case. Johnson, 27 F.3d at 1191 (“[B]efore 404(b) evidence may be admitted as probative of the defendant’s intent, intent must be a material issue in the case.”). English’s knowledge of how Medicare fraud schemes generally work was not a material issue in this case, so the evidence was not admissible on that basis.
The government attempts to argue that the challenged testimony, was admissible because it was background evidence “inextricably intertwined” with the evidence of English’s' criminal conduct related to New *1059 Century, invoking the “intrinsic” evidence exception to 404(b). See United States v. Marrero, 651 F.3d 453, 471 (6th Cir.2011) (“Where the challenged evidence is ‘intrinsic’ to, or ‘inextricably intertwined’ with evidence of, the crime charged, Rule 404(b) is not applicable.” (quotation marks omitted)). That exception covers acts that are “part of a single criminal episode,” or are otherwise integral to the testimony establishing the criminal, conduct. United States v. Adams, 722 F.3d 788, 822 (6th Cir.2013) (quotation marks omitted). Plainly, neither Marsh’s testimony about fraud at the prior clinic nor Atul Patel’s testimony about English’s referral sales meets this test. These were discrete instances of fraudulent conduct constituting only gratuitous evidence of English’s propensity to commit fraud.
Although the testimony was inappropriate, in this case it is safe to say that it was harmless. Both witnesses gave extensive first-hand testimony about English’s actions and intent at New Century, establishing in no uncertain terms that the clinic was founded, designed, and administered in order to perpetrate an illegal scheme of trading drug prescriptions for the opportunity to fraudulently bill Medicare for treatment that was never provided. Therefore, I agree that English’s conviction should be affirmed.