95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney JACKSON, Defendant-Appellant.
 No. 95-6197.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1996.
 
 Before: CONTIE, BATCHELDER, and MOORE, Circuit Judges.
 OPINION
 MOORE, Circuit Judge.
 
 
 1
 Rodney Jackson appeals his conviction for possession with intent to distribute cocaine base on grounds that the district court erred by admitting evidence of his "other acts" in violation of Federal Rule of Evidence 404(b). Jackson further claims that the evidence was insufficient to support his conviction. We affirm.
 
 I. BACKGROUND
 
 2
 Jackson was convicted by a jury of possession with intent to distribute cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1). At trial, the prosecution offered into evidence a video tape which clearly showed Jackson selling crack cocaine to an undercover police officer. Jackson, who testified at trial, offered a duress defense, claiming that the government's informant, Anthony Lane, coerced him into selling the crack cocaine to the undercover agent.
 
 
 3
 During the trial, Jackson was asked on direct and cross examination about his involvement in the drug sale as shown on the video tape and about persons mentioned in conversations recorded on the tape and referred to by Jackson in his testimony. Jackson testified that he did not sell or use drugs. Jackson now asserts that the government prejudiced the jury against him when the court allowed questions relating to known or suspected drug dealers with whom Jackson was associated and questions about the conventions of the drug trade in general. He claims that such questioning violates Federal Rule of Evidence 404(b).
 
 II. FEDERAL RULE OF EVIDENCE 404(b)
 
 [1]
 
 4
 Jackson argues that the district court erred by admitting evidence at trial of "other acts" in violation of Federal Rule of Evidence 404(b). Rule 404(b) specifically prohibits the use of character evidence of "other crimes, wrongs, or acts" to prove that a defendant acted in conformity therewith. Review of a district court's ruling on such "other acts" evidence involves a three-step process: (1) the decision that the "other act" occurred is reviewed for clear error, (2) the decision that the evidence of the "other act" was admissible for a legitimate purpose is reviewed de novo, and (3) the decision that the evidence was not substantially more prejudicial than probative under Federal Rule of Evidence 403 is reviewed for abuse of discretion. United States v. Gessa, 971 F.2d 1257, 1261-1262 (6th Cir.1992) (en banc).
 
 
 5
 In this case the questions claimed by Jackson to trigger Rule 404(b) analysis do not pertain to "other acts," and thus Jackson's characterization of the testimony as being 404(b) evidence is faulty. For example, Jackson claims that the prosecutor's questions about a drug dealer named Casey Cornett were elicited in violation of Rule 404(b). In fact, it was Jackson who first volunteered his association with Cornett during cross-examination. The prosecutor simply asked follow-up questions regarding the extent of Jackson's involvement with Cornett. It was Jackson who broached the topic, thus making admissible what may not have been admissible otherwise. See United States v. Segines, 17 F.3d 847, 856 (6th Cir.1994) (admitting theretofore inadmissible evidence after defense broached topic on cross-examination); United States v. Ramos, 861 F.2d 461, 467-69 (6th Cir.1988) (same), cert. denied, 489 U.S. 1071 (1989). Moreover, the Cornett questions directly pertained to the crime at issue in this case, and thus were not "other acts" evidence. In any event, the evidence about the relationship between Cornett and Jackson was admissible to show that Jackson was knowledgeable about drug dealing and drug dealers in general in order to impeach Jackson's sweeping denials of any involvement in drug dealing and to counter his duress defense.
 
 
 6
 The other instances of supposed Rule 404(b) violations of which Jackson complains are also examples of proper cross-examination by the government to establish Jackson's knowledge and intent regarding the crime of which he was accused. Jackson had made a general denial of ever having dealt in or used drugs. Therefore the subsequent questions probing his knowledge and prior use of drugs was a proper attempt to impeach Jackson's testimony. We have held that impeachment by extrinsic evidence elicited in rebuttal testimony is permissible when a defendant takes the witness stand and makes sweeping denials of his knowledge of drugs or a general denial of dealing in drugs. United States v. Markarian, 967 F.2d 1098, 1103 (6th Cir.1992), cert. denied, 507 U.S. 942 (1993). "We have repeatedly insisted that when defendants testify, they must testify truthfully or suffer the consequences.... It is essential ... to the proper functioning of the adversary system that when a defendant takes the stand, the government be permitted proper and effective cross-examination in an attempt to elicit the truth." Id. at 1103 (quoting United States v. Havens, 446 U.S. 620, 626-27 (1980)). Furthermore, this court has "consistently recognized the broad scope of allowable impeachment evidence and, more importantly perhaps, the significant discretion left to the trial court in this area." Markarian, 967 F.2d at 1103 (citation omitted).
 
 
 7
 Therefore, we agree with the government that these questions did not involve "other acts" evidence triggering 404(b) analysis. Indeed, it is interesting that Jackson never says what the "other acts" were, but just complains about the questions that the government asks. Even if this were "other acts" evidence, it would be admissible to show Jackson's intent and knowledge. The trial court also noted that Jackson's duress defense would allow the prosecution to pursue a line of questioning that would establish Jackson's intent and knowledge. Trial Tr. at 93. "[B]efore 404(b) evidence may be admitted as probative of the defendant's intent, intent must be a material issue in the case." United States v. Johnson, 27 F.3d 1186, 1191 (6th Cir.1994), cert. denied, 115 S.Ct. 910 (1995). The trial judge properly decided that the above-questioned testimony was allowable under Rule 404(b) to establish Jackson's knowledge of drug dealing and his intent to possess and distribute crack cocaine. The prosecution did not question Jackson regarding his relationship with other drug dealers or about his own drug use until after Jackson had presented his duress defense. Evidence that the prosecution could elicit of drug transactions for which Jackson could provide no duress excuse was admissible to show that Jackson did in fact participate in drug deals of his own free will. Moreover, we note that Jackson could have--but did not--seek a limiting instruction, limiting the jury's consideration of such evidence to the issues of intent and knowledge.
 
 
 8
 Finally, we could not hold that it would be an abuse of discretion to allow this evidence to be admitted since the potential prejudicial impact of any purported "other acts" evidence did not substantially outweigh its probative value. See Fed.R.Evid. 403. "The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Huddleston v. United States, 485 U.S. 681, 688 (1988). Given the other evidence admitted in the court below, the court did not abuse its discretion in allowing the admission of the challenged evidence.
 
 
 9
 We conclude that Jackson's challenge to the district court's evidentiary rulings is meritless.
 
 III. SUFFICIENCY OF THE EVIDENCE
 
 10
 Jackson further argues that the evidence produced at trial was insufficient to convict him and that the district court committed error in denying his motion for judgment of acquittal. We disagree. There was ample evidence, such as the video-taped drug transaction and the testimonies of both Jackson and the undercover officer. Viewing the evidence in a light most favorable to the government, a rational trier of fact could find the evidence sufficient to convict Jackson of possession with intent to distribute crack cocaine. United States v. Pennyman, 889 F.2d 104, 106 (6th Cir.1989). We therefore AFFIRM Jackson's conviction.
 
 
 11
 ---------------
 
 
 
 1 Federal Rule of Evidence 404(b) states:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.