**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles CHILDRESS, Defendant– Appellant.**

**No. 99–6390.**

United States Court of Appeals, Sixth Circuit.

April 12, 2001.

Before KENNEDY and SUHRHEINRICH, Circuit Judges; GAUGHAN,* District Judge.

## OPINION

PER CURIAM.

Defendant Charles Childress appeals his jury conviction for possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). For the reasons set forth below, we AFFIRM defendant's conviction.

## I.

In or about September 1998, Detective Long of the Pennyrile Narcotics Task Force received complaints that defendant was selling marijuana. On October 2, 1998, confidential informant Thomas Jackson accompanied an undercover officer to defendant's residence for the purpose of purchasing marijuana. Jackson went to defendant's door, and the officer observed an exchange with defendant. When Jackson returned to the vehicle, he gave the officer a bag containing marijuana that he had purchased from defendant with Twenty Dollars ($20.00) supplied by Detective Long.

Following this purchase, a search warrant was obtained for defendant's residence and executed later the same day. Upon entering defendant's home, the officers found him sitting on the living room sofa rolling a marijuana joint, with several bags of marijuana beside him.

During the search of the home, officers found eight one-eighth ounce bags of marijuana in the couch on which defendant was sitting; an additional one-half ounce of marijuana in a cardboard box on the kitchen table with scales, baggies, rolling papers and scissors; an additional 500 grams of marijuana in the freezer; a .22 caliber revolver and ammunition in the kitchen cabinet; approximately Twenty-one Thousand Dollars ($21,000.00) in United States currency in a black bag beneath the kitchen table; and One Thousand Ninety-nine Dollars ($1,099.00) in defendant's pocket, including the $20 bill used by Jackson to purchase marijuana from defendant earlier that day. The officers also discovered eight marijuana plants growing behind defendant's residence. A total of approximately 666 grams of marijuana was recovered from defendant's residence.

Defendant's residence is a house trailer located in an isolated rural area which is not visible from the public highway. During the two to three hours it took the officers to conduct the search of defendant's residence, approximately 45 to 50 vehicles containing between 75 and 80 people pulled into defendant's driveway. Several of these individuals were interviewed

---

* The Honorable Patricia A. Gaughan, United States District Judge for the Northern District of Ohio, sitting by designation.

and indicated that they were there to purchase marijuana from defendant as they had done in the past.

On July 8, 1998, a federal grand jury returned an indictment charging defendant with one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm by a previously convicted felon in violation of 18 U.S.C. §§ 922(g), 924(a)(2) and 924(e), and one count of forfeiture in violation of 21 U.S.C. § 853(p). The forfeiture count was dismissed by the government prior to trial. A jury found defendant guilty of possession with intent to distribute marijuana and not guilty of possession of a firearm by a felon.

## II.

On appeal, defendant argues that the district court improperly admitted evidence of other crimes, wrongs and acts for purposes not permitted by Federal Rule of Evidence 404(b). Specifically, defendant argues that the following evidence should not have been admitted: (1) a prior transaction witnessed by confidential informant Jackson in which defendant sold marijuana to a fifteen year-old; (2) the arrival of 75 to 80 people at defendant's house for the purpose of purchasing marijuana during the execution of the search warrant; and (3) a prior marijuana sale by defendant to Roderick Brinkley, who arrived at defendant's house on the night of his arrest. Defendant argues that none of this evidence was admissible under Rule 404(b) and that any probative value was far outweighed by its prejudicial effect.

Rule 404(b) provides in relevant part:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

■ This Court has interpreted Rule 404(b) as "a rule of inclusion rather than exclusion, since only one use is forbidden and several permissible uses of such evidence are identified." *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985). Rule 404(b) prohibits only the introduction of acts that are offered to show criminal propensity or a conformity with past criminal activity. *United States v. Ushery*, 968 F.2d 575, 580 (6th Cir.1992). If the evidence has an independent purpose, Rule 404(b) does not prohibit its admission. *Id.*

■ The standard of review for the admission of Rule 404(b) evidence is set forth in *United States v. Comer*, 93 F.3d 1271, 1277 (6th Cir.1996):
Reviewing the admission of Rule 404(b) evidence involves a three step analysis. First, we review for clear error the district court's factual determination that sufficient evidence exists that the other acts occurred. Second, we review de novo whether the district court correctly determined that the evidence was admissible for a legitimate purpose. Third, we review for abuse of discretion the district court's determination that the "other acts" evidence is more probative than prejudicial under Rule 403.

(citation omitted). "It is well settled that a trial judge's discretion in balancing the probative value of evidence against its potential for unfair prejudice is very broad." *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir.1999).

As a general rule, all relevant evidence is admissible under Federal Rule of Evidence 402. To be relevant, evidence must have a "tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. However, even if relevant, evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed .R.Evid. 403.

### Evidence of Defendant's Prior Marijuana Sale to Minor

■ During the direct examination of Jackson, the government did not rely upon Rule 404(b) and refer to any sale by defendant to a minor. During cross-examination, however, defense counsel specifically challenged Jackson's claim that he reported people who sold marijuana to minors. On re-direct examination, the government asked Jackson to further explain his motivation to report defendant and act as a confidential informant in this case. Jackson testified at that point that he saw defendant sell marijuana to a minor a few weeks prior to the controlled buy and defendant's arrest.

Defense counsel invited this evidence by challenging Jackson's motivation to act as a confidential informant. The government simply responded on re-direct examination to defense counsel's line of questioning. The district court did not abuse its discretion in permitting such follow up.

### Evidence that 75–80 People Arrived at Defendant's Residence During the Execution of the Search Warrant

■ Intent is listed in Rule 404(b) as a proper basis upon which other acts evidence may be admitted. As held by the Supreme Court in *Huddleston v. United States*, 485 U.S. 681, 686, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), "[t]he threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than charac-

ter." Therefore, the defendant's intent must be a material issue in the case before Rule 404(b) evidence may be admitted as probative of intent. *United States v. Johnson*, 27 F.3d 1186, 1191 (6th Cir.1994). Even when admissible, however, the probative value of the other acts evidence must still substantially outweigh its prejudicial effect. *Id.* at 1192.

■ Defendant was charged with possession with intent to distribute a controlled substance, a specific intent crime. *Id.* As this Court has previously held,

> [W]here there is thrust upon the government, either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b).

*Id.* In addition, defendant requested and received an instruction on simple possession based on his claim that he did not have the requisite intent to distribute the marijuana found at his residence. Thus, defendant made his intent to distribute a material issue in dispute, to which other acts evidence was relevant and admissible under Rule 404(b).

■ Defendant concedes that there was sufficient evidence that 75 to 80 people arrived at his residence the night of his arrest. However, he argues that because there was no evidence to show that all of these people had arranged to buy marijuana from him, the evidence was not relevant to any of the exceptions outlined in Rule 404(b). Defendant further argues that because the government had ample additional evidence from which to argue his intent to distribute, this evidence should have been excluded as having no probative value and being highly prejudicial.

■ The unusually heavy traffic to defendant's remote rural residence was relevant to the issue of defendant's intent because it tended to show that defendant was involved in a high-volume commercial endeavor operated out of his residence. Coupled with the results of the search of defendant's residence, this evidence suggests that the commercial endeavor was the sale of marijuana. In addition, the district court's finding that the probative value of the evidence was not substantially outweighed by its prejudicial effect was not an abuse of discretion.

### Evidence of Defendant's Prior Marijuana Sale to Brinkley

■ This Court has previously held that evidence of prior drug dealings with a witness are "obviously highly probative" for demonstrating a defendant's intent. *Bilderbeck*, 163 F.3d at 978. In addition, while such evidence may be highly prejudicial to a defendant, it is not unfairly prejudicial. *Id.* As this Court explained in *Bilderbeck*,

> Rule 403 states that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." We have interpreted "unfair prejudice" to mean the undue tendency to suggest a decision based on improper considerations; it does not mean the damage to a defendant's case that results from legitimate probative force of the evidence.

163 F.3d at 978 (citing *Sutkiewicz v. Monroe Cty. Sheriff*, 110 F.3d 352, 360 (6th Cir.1997)). In addition,

> [t]he intent with which a person commits an act on a given occasion can many times best be proven by testimony or evidence of his acts over a period of time prior thereto, particularly when the activity involves a continuous course of dealing.

*Id.* at 977 n. 10.

■ At trial, Brinkley testified that he had known defendant approximately once month prior to defendant's arrest on October 2, 1998 and had twice purchased marijuana from him. Brinkley also testified that his purpose for going to defendant's residence on October 2, 1998 was to purchase marijuana. This evidence was relevant to defendant's intent to distribute marijuana. In addition, its probative value was not substantially outweighed by unfair prejudice. Thus, the district court did not abuse its discretion in admitting Brinkley's testimony.

### III.

For the foregoing reasons, we AFFIRM defendant Charles Childress's conviction.