**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles A. BEAMUS, Defendant–
Appellant.**

No. 03–5174.

United States Court of Appeals,
Sixth Circuit.

Aug. 31, 2004.

Hydee R. Hawkins, U.S. Attorney's Office, Lexington, KY, for Plaintiff–Appellee.

Andrew M. Stephens, Andrew M. Stephens & Associates, Lexington, KY, for Defendant–Appellant.

Before: SUHRHEINRICH and BATCHELDER, Circuit Judges, and RICE, District Judge.*

OPINION

RICE, District Judge.

This is an appeal from a criminal prosecution in which the Defendant was charged in a six-count superseding indictment. Count One charged Defendant with conspiring with others to knowingly and intentionally possess with the intent to distribute, and distribute, in excess of five grams of a mixture or substance containing a detectable amount of cocaine base, that is, crack cocaine, in violation of 21 U.S.C. § 841, 846. Count Two charged Defendant with knowingly possessing in and affecting commerce, two firearms, having been convicted of crimes punishable by imprisonment for terms exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Count Three charged Defendant with knowingly possessing a firearm in furtherance of the drug trafficking crime set forth in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Count Four charged Defendant with knowingly carrying a firearm during and in relation to the drug trafficking crime set forth in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Count Five sought the forfeiture of property used to commit or facilitate the drug

crime and proceeds derived from the drug crime pursuant to 21 U.S.C. § 853. Count Six sought the forfeiture of firearms pursuant to 18 U.S.C. § 924(d)(1).

On November 19, 2002, a jury convicted Defendant of Counts One, Two, Three and Four.[1] Subsequently, during a sentencing hearing on January 17, 2003, the district court vacated Defendant's conviction under Count Four, finding it duplicative of Count Three. Defendant was sentenced to 420 months imprisonment.

Defendant raises three issues on appeal: whether the district court erred in admitting evidence of prior drug convictions pursuant to Federal Rule of Evidence 404(b); whether the district court erred in overruling Defendant's motion for mistrial, following an allegedly prejudicial statement made by a witness for the Government regarding Defendant's fugitive status at the time of his apprehension; and whether the district court erred in denying Defendant's motion for judgment of acquittal. Because we believe that the district court did not err in any of these regards, we affirm Defendant's conviction.

I. *Background*

On January 8, 2002, Lexington, Kentucky, police officers executed a search warrant at the apartment of Chaundra Harr. The search warrant was based upon two controlled purchases of crack cocaine from that apartment during the preceding 72 hours. When officers arrived, they saw Harr, Samuel Clay and another woman standing outside the apartment, walking toward an automobile. They were subsequently seized, and the automobile searched, leading to the discovery of a

---

* The Honorable Walter Herbert Rice, Judge of the United States District Court for the Southern District of Ohio, sitting by designation.

1. Counts Five and Six, seeking forfeiture, were not submitted to the trial jury.

firearm and a small quantity of crack cocaine.

As officers were using a battering ram to enter the front door of the apartment, Detective Lynn Thompson observed an individual, later identified as the Defendant, exit through the back door. Although the temperature was in the 30's, Defendant, unlike Clay and Harr, was not wearing a coat. Defendant was seized and handcuffed, identifying himself as Roy Lamont Moon. In the apartment, police officers discovered currency, weapons, bullets, crack cocaine and implements of the drug trade (baggies and a scale). Clay pleaded guilty to criminal charges and testified during the trial. Harr, who was under indictment in state court, also testified against Defendant.

We address each basis for appeal in turn.

## II. *Analysis*

### A. *Rule 404(b) Evidence*

■ At trial, the court permitted the introduction of evidence that Defendant was convicted in Kentucky state court on October 29, 1986, of trafficking in a controlled substance. Additionally, the court permitted the introduction of evidence that Defendant was convicted in the U.S. District Court for the Western District of Kentucky, on November 14, 1996, of conspiracy to use wire transfers and U.S. mail to possess with intent to distribute cocaine. At the close of trial on November 19, 2002, the jury was advised that Defendant had stipulated that he had been previously convicted in the above-referenced proceedings. The court read a cautionary instruction regarding the stipulation, directing the jury to consider this evidence only in deciding whether Defendant had the requisite intent to commit the crimes charged in Count One. Furthermore, although not pursuant to Rule 404(b), the parties also

stipulated that Defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year (the *"Old Chief* Stipulation." *See Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)). The district court instructed the jury to consider that evidence only for the limited purpose of determining whether Defendant was prohibited by law from possessing firearms on the date and at the place alleged in Count Two.

Rule 404(b) provides, in pertinent part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ..." This Court has adopted a three-step process for determining the admissibility of such other acts evidence under Rule 404(b):

> *First,* the district court must decide whether there is sufficient evidence that the other act in question actually occurred. *Second,* if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. *Third,* if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*U.S. v. Jenkins,* 345 F.3d 928, 937 (6th Cir.2003), *citing U.S. v. Haywood,* 280 F.3d 715, 719–20 (6th Cir.2002). The Sixth Circuit reviews the district court's decision to admit evidence under Rule 404(b) under an abuse of discretion standard. *Haywood,* 280 F.3d at 720. Herein, the Defendant focuses on the second prong of the three-part test, challenging the probative value of the other act evidence (i.e., his

prior convictions). His argument in that regard is without merit.

Count One charged Defendant with conspiring with others to knowingly and intentionally possess with intent to distribute, and distribute, in excess of 5 grams of a mixture or substance containing a detectable amount of cocaine base. In order to convict the Defendant, the Government was obligated to prove that he acted with the specific intent of furthering the illegal objective of the conspiracy, to wit: the knowing and intentional possession with intent to distribute, and distribution, in excess of 5 grams of a mixture or substance containing a detectable amount of cocaine base. When specific intent is an element of an offense, the Government may introduce 404(b) evidence to establish that element, regardless of the defense the Defendant may have raised. *United States v. Johnson* 27 F.3d 1186, 1192 (6th Cir.1994), *cert. denied,* 513 U.S. 1115, 115 S.Ct. 910, 130 L.Ed.2d 792 (1995). *See also United States v. Harris,* 293 F.3d 970, 976 (6th Cir.) (Defendant's previous convictions for distributing cocaine admissible to show his intent to participate in conspiracy to possess with intent to distribute and to distribute cocaine), *cert. denied,* 537 U.S. 1073, 123 S.Ct. 672, 154 L.Ed.2d 568 (2002). Herein, once again, the district court allowed evidence of Defendant's 1986 and 1996 convictions to be introduced in order to show that he acted with the requisite intent. The foregoing authority, as well as the express language of Rule 404(b), convinces us that the district court did not abuse its discretion in finding that the other act evidence was probative of an issue other than character (the second prong of the three-part test).

With respect to the first prong, it is not challenged that Defendant actually committed the other acts, given that they are supported by convictions. That leaves the third prong, balancing the probative value and the potential prejudicial effect. The district court concluded that the other act evidence was prejudicial, but not unduly so, and that its prejudicial effect did not outweigh its probative value. That conclusion was not an abuse of discretion.

*First,* any undue prejudicial effect of the other act evidence was reduced by the district court's limiting instruction which effectively informed the jury that they could not consider his prior convictions to decide whether he had committed the offense charged in Count One, only whether he had acted with the requisite intent. Therefore, there was little risk that the jury used the other act evidence as "character" evidence. *Second,* the jury was informed that the Defendant had a prior conviction as a result of the *Old Chief* Stipulation. Therefore, the other act stipulation did not uniquely cause the jury to find out that the Defendant was a convicted felon because that information had been conveyed already via the *Old Chief* Stipulation.

Nonetheless, Defendant argues that the Government's stated purpose of introduction of the prior convictions to show intent was pretextual, and that the prior convictions actually were offered as substantive evidence in support of his guilt as to the present Indictment. Defendant provides no support or analysis for this assertion, and we believe that the record stands in opposition to such a conclusion. This argument is also contradicted by another of Defendant's own arguments, that the prior convictions are factually dissimilar to the present charges. Of course, this too is an unpersuasive argument, since, although there must be substantial similarity between the offenses charged in the instant case and in a prior conviction offered for the purpose of showing intent pursuant to Rule 404(b), *United States v. Ring,* 513 F.2d 1001, 1005 (6th Cir.1975), the factual circumstances need not be identical. Herein, Defendant does not dispute that,

regardless of the facts underlying the prior convictions, the offenses charged in those convictions pertained to the trafficking of controlled substances. Accordingly, the district court did not abuse its discretion by admitting the prior drug convictions as evidence of Defendant's intent to commit the offense charged in Count One.

### B. *Motion for Mistrial*

 During the Government's case-in-chief, Beamus' co-defendant, Samuel Clay, was asked how he had first met the Defendant. Clay told the jury that Beamus was "on the run" from probation. That comment caused Defendant to move for a mistrial, which the district court denied. The court did, however, immediately read a limiting instruction, telling the jury that Clay's comment was not relevant and that they were not to consider that testimony. The single isolated incident was not repeated. Defendant asks us to reverse the district court's decision overruling his motion for a mistrial.

We review a district court's decision not to grant a mistrial for abuse of discretion, reversing such a decision only if we are "firmly convinced that a mistake has been made." *United States v. Roper*, 135 F.3d 430, 432 (6th Cir.), *cert. denied*, 524 U.S. 920, 118 S.Ct. 2306, 141 L.Ed.2d 165 (1998), *quoting United States v. Carroll*, 26 F.3d 1380, 1383 (6th Cir.1994). In its examination of a district court's denial of a mistrial motion, the primary concern of the reviewing court is "fairness to the defendant." *United States v. Forrest*, 17 F.3d 916, 919 (6th Cir.) (*per curiam*), *cert. denied*, 511 U.S. 1113, 114 S.Ct. 2115, 128 L.Ed.2d 673 (1994). All legal matters informing the initial decision are reviewed *de novo*. *United States v. Sangineto–Miranda*, 859 F.2d 1501, 1512 (6th Cir.1988).

Defendant argues on appeal that the statement that he was "on the run" is per se prejudicial, warranting a mistrial. We disagree. The jury was immediately told to disregard that single, isolated remark. *See, e.g., United States v. Harris*, 165 F.3d 1062, 1066 (6th Cir.1999) (holding that government witness's allusion to a prior arrest did not require a new trial since it was isolated and district court gave an immediate curative instruction); *United States v. Forrest*, 17 F.3d 916, 920 (6th Cir.1994) (and cases cited therein). Moreover, the jury was informed that Defendant had prior felony convictions by way of the stipulation that was read to the jury concerning his prior convictions (it bears emphasis that Count Two charged the Defendant with possession of firearm by a convicted felon). Accordingly, the district court did not abuse its discretion in overruling Defendant's motion for a mistrial.

### C. *Motion for Acquittal*

 Following the conclusion of the Government's case-in-chief, Defendant moved for a judgment of acquittal (referred to as a directed verdict), which the district court overruled. On appeal, Defendant argues that the district court should have granted this request. Defendant contends that the evidence did not link him to the physical evidence (the crack cocaine and weapons which were seized) and that the Government's "star witness," Chaundra Harr, was not credible, since she was arrested near an automobile containing crack cocaine and a weapon, yet was not charged with an offense.

In reviewing the denial of a motion for acquittal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Landham*, 251 F.3d 1072, 1083 (6th Cir. 2001) (*citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). An appellant "claiming insuffi-

ciency of the evidence bears a heavy burden." *United States v. Maliszewski*, 161 F.3d 992, 1005 (6th Cir.1998). The Government may "meet its burden through circumstantial evidence alone, and such evidence need not exclude every possible hypothesis except that of guilt." *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir.2001).

In assessing the sufficiency of the evidence, the court does "not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." *Id.* (citations omitted). When reviewing a defendant's claim of insufficiency of the evidence, the court draws "all available inferences and resolve[s] all issues of credibility in favor of the jury's verdict." *Id.* Therefore, the review on this type of issue is "quite limited." *United States v. Crossley*, 224 F.3d 847, 855 (6th Cir.2000) (*citing United States v. Morrow*, 977 F.2d 222, 230 (6th Cir.1992)).

Applying this highly deferential standard of review to a decision to deny a request for judgment of acquittal, we are convinced that Defendant's request was properly denied.

During the trial, the Government elicited testimony from Harr, a co-conspirator, and Clay, a co-defendant who entered a guilty plea. Harr testified that she permitted Defendant and Clay to sell crack cocaine from a location near her apartment on Arbor Grove in Lexington, Kentucky. She also counted the money that they had obtained from such sales, and was aware that Clay and Defendant was each armed, or had ready access to a firearm during those sales. When the weather turned cold, Defendant and Clay began to sell crack from Harr's apartment, a fact of which she was aware. During that activity, the Defendant was armed with, or had near to him, a .45 caliber pistol.

As detailed *supra*, Lexington police officers executed a search warrant on January 8, 2002, on Harr's apartment, which yielded the discovery of various weapons, drugs, drug paraphernalia and currency, and also resulted in Defendant's arrest. At trial, Clay testified that the Defendant, Harr and he had spent the night of January 7–8 at the apartment. He and Harr had left that morning (the 8th) to visit Harr's mother, while the Defendant was to stay to sell crack. Before he left, Clay gave the Defendant some crack, which the latter began to cut. The Defendant was, as usual, armed.

Simply stated, after construing the evidence and all reasonable inferences drawn therefrom in favor of the Government, the foregoing convinces us that it was not error to deny the request for judgment of acquittal.

Accordingly, for the reasons described herein, the district court's judgment is affirmed.