**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0797n.06
Filed: November 14, 2007

**No. 05-6088**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiff-Appellee, | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| v. | ) | TENNESSEE |
| | ) | |
| Trevis Love, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE:    BOGGS, Chief Judge; McKEAGUE, Circuit Judge; COHN, District Judge**[*]

**McKeague, Circuit Judge.** Following a jury trial, Trevis Love was convicted of conspiracy

to distribute and possess with intent to distribute more than five kilograms of cocaine in violation

of 21 U.S.C. § 841(a)(1). Over defense counsel's objection, the district court admitted

evidence—pursuant to Federal Rule of Evidence 404(b)—of Love's eight-year-old state court

conviction for selling at least .5 grams of cocaine. Love timely appealed. For the reasons stated

below, we **AFFIRM** the decision of the district court.

## I. BACKGROUND

On October 28, 2003, Love and eight of his associates were indicted by a federal grand jury

on charges of conspiracy to distribute and possess with intent to distribute five kilograms or more

of cocaine. The charges resulted from a drug conspiracy spanning the years of 1998 through 2003

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of
Michigan, sitting by designation.

that primarily involved the importation of cocaine from various points in the United States for distribution in Tennessee. Love's involvement in the conspiracy began in 2002. Unlike several of his co-conspirators who pleaded guilty and later testified against him, Love proceeded to a jury trial.

During pre-trial proceedings, the government timely indicated its desire to introduce Love's 1994 conviction for trafficking at least .5 grams of cocaine as evidence of intent under Federal Rule of Evidence 404(b). After considering the arguments of counsel, the district court concluded that the prior conviction was admissible to prove Love's specific intent to participate in the charged drug conspiracy. At trial, the government introduced the prior conviction at the conclusion of its case-in-chief by way of a stipulation indicating that Love had been previously convicted in 1994 of trafficking at least .5 grams of cocaine. The stipulation was immediately followed by a limiting instruction informing the jury that:

> You may not consider this evidence to prove the proposition that merely because [Love] may have engaged in criminal acts in the past, [he], therefore, did the acts for which [he is] on trial in this case. You may consider the other criminal conduct only for the purpose of determining the issue of whether or not [Love] had the requisite intent to commit the conspiracy alleged in the indictment.
> Now, remember that [Love is] on trial here only for the acts alleged in the indictment and not for any other act, and [he] should not be convicted unless you find that the government has proven beyond a reasonable doubt that [Love] knowingly committed the acts charged in the indictment.

Joint App'x at 848-49.

At the completion of closing arguments, the district court once again instructed the jury regarding Love's prior drug conviction. Ultimately, the jury found Love guilty of the conspiracy charge. The district court proceeded to sentence him to the mandatory minimum of twenty years'

imprisonment under 21 U.S.C. § 841(b)(1)(A)(ii)(II). This appeal followed, alleging that the district court erred by admitting Love's 1994 drug trafficking conviction into evidence under Rule 404(b).

## II. ANALYSIS

### A. Standard of Review

This court's precedent is inconsistent regarding what standard of review applies to a district court's decision to admit evidence under Rule 404(b). One line of cases state that we review a district court's admission of Rule 404(b) evidence for an abuse of discretion. *See, e.g.*, *United States v. Mack*, 258 F.3d 548, 553 n.1 (6th Cir. 2001); *United States v. Gonzalez*, 501 F.3d 630, 637(6th Cir. 2007). Yet another line of cases outlines a three-tiered standard of review to be applied in such situations. *See United States v. Matthews*, 440 F.3d 818, 828 (6th Cir.), *cert. denied*, 126 S.Ct. 2370 (2006). According to *Matthews*:

> First, we review for clear error the district court's factual determination that sufficient evidence exists that the other acts occurred. Second, we review de novo whether the district court correctly determined that the evidence was admissible for a legitimate purpose. Third, we review for abuse of discretion the district court's determination that the "other acts" evidence is more probative than prejudicial under Rule 403.

*Id.* (quoting *United States v. Comer*, 93 F.3d 1271, 1277 (6th Cir. 1996)). However, a close examination of both this court's precedent as well as Supreme Court case law indicates that the three-tiered approach has been rejected, and the proper standard of review for Rule 404(b) determinations is abuse of discretion.

Prior to 1997, the three-tiered analysis applied by *Matthews* was the law governing this circuit's review of Rule 404(b) determinations. *See United States v. Gessa*, 971 F.2d 1257, 1261

(6th Cir. 1992) (en banc). However, in 1997 the Supreme Court explained that "abuse of discretion is the proper standard of review of a district court's evidentiary rulings." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997). In light of *Joiner*, this court expressly repudiated the three-tiered standard of review for Rule 404(b) determinations. *See United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002); *see also Mack*, 258 F.3d at 553 n.1 (explaining that post-*Joiner* a district court's Rule 404(b) determinations are reviewed for an abuse of discretion).

Thus, to the extent that cases after *Haywood* and *Mack* apply the three-tiered standard of review, they are errant because "when a later decision of this court conflicts with one of our prior published decisions, we are still bound by the holding of the earlier case." *Darrah v. City of Oak Park*, 255 F.3d 301, 310 (6th Cir. 2001). Aside from being bound by our own precedent, we are bound by the Supreme Court's holding in *Joiner*; therefore, we review the district court's admission of Love's prior cocaine trafficking conviction for an abuse of discretion. "An abuse of discretion occurs when a district court relies on clearly erroneous findings of fact, improperly applies the law or uses an erroneous legal standard." *United States v. Dixon*, 413 F.3d 540, 544 (6th Cir. 2005). Under this standard, we will only reverse a district court's evidentiary decisions if "we are left with the definite and firm conviction" that the district court erred. *Id.*

**B. Discussion**

Pursuant to Rule 404(b), evidence of a defendant's prior bad acts is inadmissible for propensity purposes. However, such evidence may be admissible "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). We have previously explained that prior to admitting Rule 404(b) evidence, the district court

must: (1) make a preliminary finding as to whether sufficient evidence exists that the prior act occurred; (2) determine that the other act is admissible for one of the proper purposes outlined in Rule 404(b); and (3) apply Rule 403 balancing to determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice or the other concerns embodied in Rule 403. *Mack*, 258 F.3d at 553.

Given that the prior bad act introduced in this case involved a stipulated-to conviction, there is no dispute that the act occurred. Thus, Love's argument centers on whether the evidence was admitted for a proper purpose and whether the district court properly conducted the balancing required by Rule 403.

**1. Proper Purpose Determination**

Where a defendant is charged with a specific intent offense, evidence of his prior bad acts may be admissible under Rule 404(b) for the purpose of proving such intent. *United States v. Myers*, 102 F.3d 227, 234 (6th Cir. 1996). A drug conspiracy charge—such as that brought against Love— is a specific intent offense. *Id*.

With regards to the use of prior bad acts to prove specific intent under Rule 404(b), this court has stated that:

> [W]here there is thrust upon the government, either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b).

*United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). In *Johnson*, the defendant was charged with possession with intent to distribute cocaine, and—pursuant to Rule 404(b)—the district

court admitted the defendant's prior narcotics conviction for the purpose of proving his specific intent to distribute. *Id*. at 1186, 1192. Affirming the district court, *Johnson* explained that when the crime charged requires proof of specific intent, the prosecutor may use the prior bad acts to prove that intent "notwithstanding any defense the defendant might raise." *Id*. at 1192. Expanding on *Johnson*, another panel of this court opined that when a defendant pleads not guilty, it triggers the government's duty to prove his specific intent beyond a reasonable doubt, even if the defense raised centers on another element of the offense. *United States v. Lattner*, 385 F.3d 947, 957 (6th Cir. 2004).

In the present case, Love was charged with and pleaded not guilty to engaging in a conspiracy to distribute cocaine; therefore, the government was required to prove his specific intent beyond a reasonable doubt. *See generally Myers*, 102 F.3d at 234. However, Love argues that the 1994 conviction was not offered for a proper purpose under Rule 404(b) because he did not seriously contest intent at trial. This court's holdings in *Johnson* and *Lattner* squarely reject Love's argument because the government's ability to introduce prior bad acts as evidence of the defendant's specific intent is not dependent on the particular defense raised. As in *Lattner*, Love pleaded not guilty to the conspiracy charge; thus, as an element of the crime, the government was required to prove his specific intent regardless of his particular defense strategy. *See Johnson*, 27 F.3d at 1192. Moreover, "[w]e have repeatedly recognized that prior drug-distribution evidence is admissible [under Rule 404(b)] to show intent to distribute." *United States v. Ayoub*, 498 F.3d 532, 548 (6th Cir. 2007).

**2. Substantially Similar and Reasonably Near in Time Requirements**

In addition to being offered for a proper purpose, to be admissible under Rule 404(b) a prior bad act must be "substantially similar and reasonably near in time to the offenses for which the defendant is being tried." *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004) (internal quotation marks omitted). Relying on this requirement, Love argues that his 1994 conviction for trafficking at least .5 grams of cocaine should have been excluded because it was not substantially similar to the instant conspiracy charge, and the eight-year gap renders it not reasonably near in time to the charged conspiracy. Both of these arguments fail in light of this court's precedent and that of our sister circuits.

Regarding the "substantially similar" requirement, when the prior bad acts evidence is being offered for the purpose of showing intent, it "need not duplicate exactly the instant charge, but need only be sufficiently analogous to support an inference of criminal intent." *United States v. Benton*, 852 F.2d 1456, 1468 (6th Cir. 1988) (finding evidence of prior acceptance of bribes involving bootlegging to be substantially similar to the charge of acceptance of money to protect drug dealers); *see also United States v. Beamus*, 110 F. App'x 513, 516 (6th Cir. 2004) (explaining that "substantially similar" does not require identical factual circumstances).

In the specific context of drug trafficking, to be substantially similar for purposes of Rule 404(b) a prior drug conviction need not involve the same quantity of narcotics that underlie the current charges. *See United States v. Hicks*, 798 F.2d 446, 451 (11th Cir. 1986). In *Hicks*, the Eleventh Circuit addressed a situation analogous to that currently before this court. The defendant in *Hicks* appealed his conviction for cocaine distribution on the grounds, *inter alia*, that the district

court erred by admitting under Rule 404(b) a drug dealer's ledger indicating that Hicks had previously engaged in the sale of small quantities of cocaine. *Id*. at 450-51. Rejecting the defendant's argument that the prior cocaine transactions were not substantially similar to the current charges, the *Hicks* court stated that: "Although the amounts noted in the diary entries were substantially smaller than the quantity of cocaine appellant was charged with importing, the extrinsic and charged offenses show a similar willingness to traffic in cocaine." *Id*. at 451. Likewise, in a recent unpublished opinion, this court upheld the admission of a defendant's prior methamphetamine conviction in her later methamphetamine distribution trial because although involving "different quantities of methamphetamine and different degrees of production, they both involved methamphetamine possession and trafficking." *United States v. Miller*, 227 F. App'x 446, 459 (6th Cir.), *cert. denied*, 128 S.Ct. 219 (2007), *and cert. denied*, 128 S.Ct. 242 (2007).

Applying this precedent to the instant case, Love's argument that his prior cocaine trafficking conviction is not substantially similar because it involves different quantities of the same narcotic lacks merit. Like the prior drug trafficking involved in *Hicks* and *Miller*, Love's 1994 conviction for trafficking at least .5 grams of cocaine is substantially similar to the current charge of conspiracy to distribute five kilograms or more of cocaine—regardless of the difference in the quantity of cocaine underlying the two charges.

Love further argues that the district court abused its discretion in admitting his 1994 conviction because the eight-year gap between it and the current charge renders it too temporally remote. Although a prior conviction admitted pursuant to Rule 404(b) must be "near in time to[] the offenses charged in the indictment," *United States v. Ismail*, 756 F.2d 1253, 1259 (6th Cir. 1985),

there is "no absolute maximum number of years that may separate a prior act and the offense charged." *Id*. at 1260. In fact, this court has twice previously held that evidence of an eight-year-old prior drug transaction is not too remote to be admitted as evidence of intent in a later drug trafficking prosecution. *Matthews*, 440 F.3d at 830; *United States v. Persinger*, 83 F. App'x 55, 59 (6th Cir. 2003).

In *Matthews*, the defendant was convicted of possession with intent to distribute crack cocaine, and on appeal he argued that the district court erred by admitting evidence of a drug sale that occurred eight years previous. *Id*. at 830. According to *Matthews*, "the district court properly decided that even eight-year-old drug sales were probative" and admissible under Rule 404(b). *Id*.; *see also Persinger*, 83 F. App'x at 59 (finding no abuse of discretion in the district court's admission of an eight-year-old prior narcotics conviction under Rule 404(b)). Likewise, other courts have found no error in the admission of prior bad acts ranging from eight years old to eighteen years old. *See United States v. Matthews*, 431 F.3d 1296, 1312 (11th Cir. 2005), *cert. denied*, 127 S.Ct. 166 (2006) (finding no error in the admission of an eight-year-old prior drug conviction as evidence of defendant's intent to join a drug conspiracy); *United States v. Macedo*, 406 F.3d 778, 793 (7th Cir. 2005) (upholding the admission of a nine-year-old prior conviction); *United States v. Hurn*, 496 F.3d 784, 787-88 (7th Cir. 2007) (finding no error in the admission of a ten-year-old conviction); *United States v. Foley*, 683 F.2d 273, 278 (8th Cir. 1982) (finding no error in the admission of an eleven-year-old conviction); *United States v. Engleman*, 648 F.2d 473, 479 (8th Cir. 1981) (affirming the admission of a thirteen-year-old prior conviction); *United States v. Hernandez-Guevara*, 162 F.3d 863, 872 (5th Cir. 1998) (upholding the admission of an eighteen-year-old prior conviction).

In an effort to avoid the force of this precedent, Love relies on the Eighth Circuit's decision in *United States v. Mejia-Uribe*, 75 F.3d 395, 398-99 (8th Cir. 1996), wherein the court found error[1] in the district court's admission of a thirteen-year-old prior narcotics sale as evidence in his later drug conspiracy trial under Rule 404(b). While Love is correct that *Mejia-Uribe* found the prior conviction to be too remote, nothing in the court's decision negates the force and effect of the precedent cited above. In particular, *Mejia-Uribe* does not undercut this court's decisions in *Matthews* and *Persinger* where we upheld the admission of eight-year-old prior drug convictions under Rule 404(b) in situations factually analogous to the case currently before this court.

Based on the above-mentioned precedent and the factual circumstances of the instant case, the existence of an eight-year gap between Love's prior conviction and his current charge is insufficient to render admission of the 1994 conviction an abuse of discretion.

### 3. Federal Rule of Evidence 403 Analysis

Next, it is necessary to consider whether Love's prior conviction is rendered inadmissible by the considerations set forth in Federal Rule of Evidence 403. *See Mack*, 258 F.3d at 553. Pursuant to Rule 403, a prior bad act that complies with Rule 404(b) is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In the instant case, Love argues that the probative

---

[1]Despite finding error in the district court's Rule 404(b) determination, the *Mejia-Uribe* court refused to reverse the defendant's conviction because the error was harmless. *Mejia-Uribe*, 75 F.3d at 399.

value of his prior conviction was substantially outweighed by the danger of unfair prejudice and the

needless presentation of cumulative evidence. Furthermore, he asserts that the district court erred

by not conducting an adequate Rule 403 balancing on the record. For the reasons stated below,

Love's arguments are without merit and the district court's Rule 403 determination was not an abuse

of discretion.

### a. Probative Value and Danger of Unfair Prejudice Determination

This court affords district courts "broad discretion in weighing prior-drug-sale evidence

under Rule 403." *Matthews*, 440 F.3d at 830. When reviewing a Rule 403 determination "we look

at the evidence in a light most favorable to its proponent, maximizing its probative value and

minimizing its prejudicial effect." *United States v. Perry*, 438 F.3d 642, 648 (6th Cir.), *cert. denied*,

126 S.Ct. 2045 (2006) (quoting *United States v. Zipkin*, 729 F.2d 384, 389 (6th Cir. 1984)).

In terms of the probative value of Love's prior cocaine trafficking conviction, we have

repeatedly recognized that evidence of prior drug distribution is probative of a defendant's intent to

later engage in drug-related activity. *See, e.g.*, *Matthews*, 440 F.3d at 830; *United States v. Trujillo*,

376 F.3d 593, 606 (6th Cir. 2004) (finding that the probative value of the defendant's prior narcotics

conviction was not substantially outweighed by the danger of unfair prejudice). This court has also

held that the prejudicial effect resulting from the admission of such prior bad acts evidence may be

reduced by the use of a strong cautionary instruction pursuant to Federal Rule of Evidence 105. *See*

*United States v. Foster*, 376 F.3d 577, 592 (6th Cir. 2004); *see also United States v. Davis*, 707 F.2d

880, 884 (6th Cir. 1983) (explaining that although "the chance of prejudice is always present in a

404(b) situation" the district court may reduce that prejudice "by giving the jury a limiting instruction informing them" of the proper use of the prior bad acts evidence).

In the instant case, evidence of Love's 1994 cocaine trafficking conviction was highly probative of his specific intent to engage in the cocaine trafficking conspiracy currently at issue. Admittedly, evidence of his prior conviction may have been prejudicial, but "[e]vidence that is prejudicial only in the sense that it paints the defendant in a bad light is not *unfairly* prejudicial pursuant to Rule 403." *United States v. Chambers*, 441 F.3d 438, 456 (6th Cir. 2006) (emphasis added). Furthermore, as in *Foster* and *Davis*, the prejudicial impact of the evidence was reduced by the district court's issuance of a limiting instruction both immediately after the introduction of Love's 1994 conviction and at the conclusion of the trial. On appellate review, we must presume that the jury followed the district court's instructions and considered the evidence only for its proper purpose. *See Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985) (presuming that jurors "attend closely the particular language of the trial court's instructions in a criminal case"). Thus, we reject Love's argument that the probative value of his prior conviction was substantially outweighed by the danger of unfair prejudice.

### b. Needless Presentation of Cumulative Evidence Determination

Love also asserts that the district court abused its discretion under Rule 403 because evidence of his prior conviction was unnecessarily cumulative. As the Seventh Circuit has explained:

> Evidence is "cumulative" when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of the trial, with all the potential for

> confusion, as well as prejudice to other litigants, who must wait longer for their trial, that a long trial creates.

*United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996). The fact that another piece of evidence speaking to an element of the offense has already been introduced does not render a later piece of evidence needlessly cumulative. *See Vasquez v. Jones*, 496 F.3d 564, 576 (6th Cir. 2007) (explaining that "[t]he mere fact that one other witness has testified to a particular fact does not render other testimony on that point 'cumulative.'").

Here, Love argues that his prior conviction was needlessly cumulative because the government already had evidence of his intent through the testimony of his co-conspirators. Applying *Williams*'s definition of "cumulative," Love's 1994 conviction added to the probative force of the other evidence in the case (i.e., the co-conspirators' testimony that Love aggressively attacked as self-serving) and did not lead to the lengthening of the trial. As with the additional witness in *Vasquez*, merely because testimony was previously admitted regarding Love's intent to join the conspiracy does not render his prior conviction needlessly cumulative.

### c. Sufficiency of the District Court's Rule 403 Balancing

Finally, Love argues that the district court erred by not conducting a sufficient Rule 403 balancing on the record. We have carefully reviewed the transcript of the district court's consideration of this issue, and based on that review we hold that the district court did provide a sufficient on the record explanation of its reasons for admitting the evidence *See generally* Joint App'x at 172-90. As the record reflects, the district court held a hearing pertaining to the 1994 conviction in which it heard oral arguments regarding the propriety of admitting the conviction,

asked numerous questions of the attorneys, and ultimately concluded that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice under Rule 403. *See id*. at 185-90. Additionally, the district court stated that the evidence at issue in this case did not appear to be more unfairly prejudicial than that held admissible in prior Sixth Circuit decisions. The context of the hearing, including the district court's numerous questions and comments, and its statement of the Rule 403 standard, illustrates that the district court gave due consideration to the issue; this is not a case where the district court summarily admitted evidence without providing any indication that it considered the import of Rule 403. Therefore, we are unable to conclude that the district court failed to conduct a proper Rule 403 balancing before admitting the 1994 conviction.

Moreover, even were Love correct that the district court did not conduct an adequate Rule 403 balancing on the record, such an error does not necessitate reversal where the defendant did not specifically request such explicit findings. *United States v. Abboud*, 438 F.3d 554, 582 (6th Cir.), *cert. denied*, 127 S.Ct. 446 (2006) (rejecting the defendant's argument that the district court erred by failing to properly weigh the evidence under Rule 403 on the record where no request for such explicit findings was made). Thus, although the district court might have said more regarding its balancing determination, "this Circuit does not require district courts to utter any 'magic words'" in order to comply with Rule 403. *Persinger*, 83 F. App'x at 59 (finding no error in the district court's failure to explicitly recite on the record how it conducted the Rule 403 balancing). Furthermore, as in *Abboud*, there is no indication in the record that Love requested explicit findings with regard to the district court's Rule 403 analysis.

Love's 1994 conviction was admitted for a proper purpose under Rule 404(b) and its probative value was not substantially outweighed by the considerations set forth in Rule 403. Accordingly, we find no abuse of discretion in the district court's decision.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the decision of the district court.