NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0031n.06

Nos. 09-2452/09-2509

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 10, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff - Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) ) | |
| ACCIDENT VICTIMS HOME HEALTH CARE SERVICES, INCORPORATED, and GEORGE RATH PAIGE, | ) ) ) ) | OPINION |
| Defendants - Appellants. | ) ) | |

Before: GIBBONS, STRANCH, and ROTH[*] Circuit Judges.

**JANE B. STRANCH, Circuit Judge**. Accident Victims Home Health Care Services, Inc.
(AVHHC) and George Paige appeal the judgment entered in favor of State Farm Mutual Automobile
Insurance Company following a jury trial. Because the district court erred in admitting propensity
evidence under Federal Rule of Evidence 404(a), we **REVERSE** the judgment and **REMAND** the
case for a new trial.

**I. FACTS**

---

[*]The Honorable Jane R. Roth, Circuit Judge for the United States Court of Appeals for the
Third Circuit, sitting by designation.

AVHHC provides home attendant care supervision services for individuals who are injured in automobile accidents. Pursuant to Michigan's no-fault law, State Farm paid AVHHC personal injury protection insurance benefits for all necessary and reasonable services for two AVHHC clients, Wendell Jackson and Luella Neal. AVHHC also claimed benefits for a third client, June Ely, but State Farm refused to pay benefits for her care.

AVHHC employees used a "Daily Observation Report" to record their time and activities while providing attendant care supervision to clients. As AVHHC's president, Paige reviewed the accuracy of these reports and corrected any errors before forwarding the reports to the insurance company with a request for payment.

State Farm conducted twenty-four days of undercover surveillance, which yielded minutes of video showing Jackson unsupervised on two occasions and Neal unsupervised playing a casino slot machine. In February 2007, State Farm filed this diversity suit against AVHHC and Paige to recover all of the benefits it had paid for Jackson and Neal in the amount of $916,754.00. State Farm alleged that the services AVHHC provided to these two clients were unnecessary or unreasonable or, alternatively, AVHHC submitted fraudulent claims. AVHHC counterclaimed against State Farm seeking reimbursement for services provided to Ely. In February 2009, the district court entered summary judgment in favor of Paige and dismissed him from the suit. The case proceeded to jury trial.

AVHHC filed a pretrial motion *in limine* to preclude State Farm from introducing evidence about AVHHC's billings to State Farm concerning another client, Kathy Owens. The district court denied the motion and admitted the challenged evidence during State Farm's questioning of Paige and Rammell Sanders, Owens's caregiver. At the close of State Farm's proof, the district court

allowed State Farm to conform the pleadings to the proof and again added Paige as a defendant in the suit.

At the conclusion of the seven-day trial, the jury returned a verdict in favor of State Farm on all claims and awarded $528,566.24. The district court granted State Farm's motion for prejudgment interest on that amount and also granted State Farm's motion for attorney fees in the amount of $297,386.86. AVHHC and Paige sought a new trial under Federal Rule of Civil Procedure 59(a) and relief from judgment under Federal Rule of Civil Procedure 60(b). The district court denied the motion, and this appeal followed.[1]

## II. ANALYSIS

### A. Standard of Review

This Court reviews for an abuse of discretion the district court's evidentiary rulings, the denial of a motion for new trial, and the denial of a motion for relief from judgment. *See United States v. Talley*, 194 F.3d 758, 765 (6th Cir. 1999) (evidentiary rulings); *Morgan v. New York Life Ins. Co.*, 559 F.3d 425, 434 (6th Cir. 2009) (new trial motion); *ACLU v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010) (Rule 60(b) motion). An abuse of discretion occurs when the district court relies on clearly erroneous factual findings, applies the law improperly, or employs an erroneous legal standard. *CareToLive v. FDA*, 631 F.3d 336, 344 (6th Cir. 2011). Reversal is warranted if this Court is left with a "definite and firm conviction that the trial court committed a clear error of

---

[1]At oral argument, AVHHC and Paige stated they would not pursue their contention that the district court should have dismissed the complaint to sanction State Farm for withholding crucial evidence, such as its claims files and expert witness reports, until trial was well underway, thus depriving AVHHC and Paige of the opportunity to contradict such evidence. We do not address any issue concerning State Farm's discovery abuse.

judgment." *Nolan v. Memphis City Schs.*, 589 F.3d 257, 264 (6th Cir. 2009) (internal quotation marks omitted).

## B. Rule 404 Evidence

AVHHC's motion *in limine* sought to exclude evidence concerning a Michigan state court proceeding, *Owens v. State Farm*. That case involved Kathy Owens, an AVHHC client who sued State Farm to recover first-party no-fault benefits. State Farm settled with Owens. AVHHC intervened in the suit as a plaintiff to pursue a reimbursement claim against State Farm for services it provided to Owens. During trial, the state court judge found that Paige had tampered with documentary evidence shortly before trial by fraudulently altering certain AVHHC daily observation reports. As a sanction for Paige's conduct, the court dismissed AVHHC's case against State Farm. In dismissing, the state court stated on the record:

> This goes to the very essence, the heart of our system in terms of altering evidence that has been tampered with, in essence. For someone to intentionally tamper with the evidence and make a misrepresentation and actually ask an employee to get involved in something like this I think is a bad thing; in fact, it is awful, and I am sorry to be a witness to something like this.

In support of the motion *in limine*, AVHHC argued under the Federal Rules of Evidence that any evidence from or mention of *Owens* was not relevant under Rule 401 and therefore inadmissible under Rule 402 because the case on trial concerned billings for Jackson, Neal, and Ely, while *Owens* involved a different client, different billings, and different issues. AVHHC also argued under Rule 403 that evidence from *Owens* would confuse the jury and result in unfair prejudice to AVHHC because State Farm wanted the jury to draw the conclusion that Paige must have committed fraud in the case before it because Paige had committed fraud in *Owens*. AVHHC further argued that

evidence from *Owens* would be inadmissible under Rule 608 because evidence of untruthful character may be attacked only in the form of opinion or reputation testimony, and not by evidence of specific instances of conduct.

State Farm responded that Michigan law permits introduction of circumstantial evidence to establish fraud. In a diversity case like this one, however, the Federal Rules of Evidence govern the admission of evidence, while state law governs the substantive issues. *See Gass v. Marriott Hotel Servs., Inc.*, 558 F.3d 419, 425–26 (6th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). State Farm also argued that evidence from *Owens* was admissible under Rule 404(b) as evidence of AVHHC's scheme or plan.

> The district court denied AVHHC's motion *in limine* ruling:
>
> The prior litigation unfortunately will have to be admitted. I don't think it's more prejudicial than probative. *It is relevant not only to the character of the defendant but to the fact of a fraud having been committed once before, the same type of fraud, and it's not 404(b) evidence.*

This ruling admitted the very type of propensity evidence prohibited by Rule 404(a). Not only did it directly contradict Rule 404(a), but it inexplicably ignored any permissible ground for admission listed in Rule 404(b) and asserted by State Farm as a basis for such admission.

Rule 404(a) clearly provided that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion"[1] except as provided in three other evidentiary rules, only one of which is relevant here. Rule 608(a) permits an attack on a witness's credibility, but only in the form of opinion or reputation evidence on the subject of the witness's character for truthfulness of untruthfulness. Under Rule 608(b),

---

[1]Stylistic changes were made in 2011.

specific instances of the witness's conduct introduced for the purpose of attacking the witness's character for truthfulness may not be proved by extrinsic evidence, but specific instances of conduct may be inquired into on cross-examination of the witness if they are probative of the witness's character for truthfulness and the district court allows such questioning.

Rule 404(b) provides in part that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Here, the court clearly ruled that the evidence was not Rule 404(b) evidence, and the record lacks the necessary Rule 404(b) analysis: examination of each prior bad act proffered for admission; determination of whether sufficient evidence supported the occurrence of that act; consideration of whether the evidence was offered for a proper purpose, and evaluation of whether the evidence was more probative than prejudicial under Rule 403. *See Tschira v. Willingham*, 135 F.3d 1077, 1086 (6th Cir. 1998). Further, had the district court admitted the evidence under Rule 404(b), the record should have contained cautionary instructions to the jury on the limited use of the Rule 404(b) evidence admitted. *See United States v. Hardy*, 643 F.3d 143, 153 (6th Cir. 2011).

The record reveals that the evidence was admitted in violation of Rule 404(a) and the resulting trial was permeated with the effect of the district court's erroneous evidentiary rulings, made over the continuing objections of AVHHC and Paige. In opening statement, State Farm immediately brought the damaging evidence from *Owens* to the jury's attention and made the use of such evidence a key component of its case throughout the trial. On the first day of its case-in-chief, State Farm called Paige to the stand as an adverse witness and questioned him at length about

his falsification of AVHHC records in *Owens*. While certain portions of State Farm's examination of Paige may have been proper impeachment, much of the examination progressed in direct violation of Rules 404(a) and 608.

The district court compounded the error when, on the second day of trial during State Farm's re-direct examination of Paige, the court admitted into evidence, over AVHHC's objection, Exhibit 132, a transcript of the state trial court's damaging statements to Paige while he was on the witness stand in *Owens*, and Exhibit 132a, the state trial court's Order of Dismissal in *Owens*. In response to AVHHC's objection to the admission of these two exhibits, State Farm reminded the court that it had already ruled on the issue when it denied the motion *in limine*. However, in light of Paige's express denial under oath that he committed any fraud in *Owens*, both of these exhibits constituted extrinsic evidence of specific instances of Paige's conduct which were not admissible under Rule 608(b). *See, e.g.*, *United States v. Frost*, 914 F.2d 756, 767 (6th Cir. 1990) (recognizing that counsel questioning an adverse witness is "stuck with" the witness's response and upholding under Rule 608(b) the exclusion of extrinsic evidence offered to attack credibility of witness and contradict his testimony). Counsel for State Farm read to Paige the state trial court's blistering comments and asked him additional questions about the *Owens* proceedings. Finally, in closing argument, State Farm emphasized the improperly admitted evidence when it asked the jury to return a verdict in its favor, and the district court did not give any cautionary instructions to the jury concerning this evidence. *See Hardy*, 643 F.3d at 157 ("Rule 404(b) evidence must be carefully managed to avoid it becoming precisely what it is designed to prevent: propensity or character evidence."); *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994) ("When prior acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that the jurors will use the evidence

precisely for the purpose it may not be considered[.]"). Admission of the propensity evidence and lack of proper instruction to the jury created prejudice to defendants AVHHC and Paige, it affected defendants' substantial rights, and the evidentiary and instructional errors were not harmless. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 377 (6th Cir. 2009).

We reject State Farm's contention that evidence from *Owens* was admissible under Rule 405(b). Under that rule, when character evidence is introduced for a proper purpose, it may be proved only by reputation or opinion evidence; it may not be proved by specific instances of conduct unless the character trait is an essential element of the claim or defense. *See* Fed. R. Evid. 405. The district court instructed the jury that, to establish fraud under Michigan law, State Farm had to prove that defendants: (a) made representations of material fact; (b) the representations were false when made; (c) defendants knew the representations were false when made; (d) defendants made the representations with the intent that State Farm rely on them; (e) State Farm relied on the representations; and (f) State Farm was damaged as a result of its reliance. None of these five elements put character in issue. Because proof of character was not an element of fraud, Rule 405(b) was not applicable. *See United States v. Clark*, 377 F. App'x 451, 460 (6th Cir. 2010) ("[I]n determining whether evidence of [the defendant's] character was an 'essential element' . . . '[t]he relevant question should be: would proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim, or defense?'") (quoting *United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995)). We have considered State Farms' other arguments and find them also to be without merit.

### III.  CONCLUSION

Having carefully reviewed the trial record, we can only conclude that the jury's verdict was premised on propensity evidence that should not have been admitted.  We conclude that the district court abused its discretion in admitting such evidence and in denying the motion for a new trial.  *See Talley*, 194 F.3d at 765; *Morgan*, 559 F.3d at 434.  Accordingly, we **REVERSE** the district court's judgment and **REMAND** for a new trial.