CLAY, Circuit Judge,
dissenting.
Defendant Fontrise Charles was convicted of filing twenty-five falsified tax returns on behalf of the clients of her tax preparation business, and failing to report the income from that business on her personal tax returns. Her trial was essentially a *293 contest of credibility. Ten of Charles’ clients testified for the government that Charles doctored their returns without their consent to maximize the tax refund they could receive under the Earned Income Tax Credit, while pocketing a portion of those refunds for herself. Charles on the other hand testified that she had merely taught her clients how to prepare their own returns, and that any false statements in the returns were products of her clients’ own wrongdoing.
At trial, the government introduced a summary exhibit (“Exhibit 116a” or “the exhibit”) prepared by an IRS agent that noted certain common characteristics shared by many of the 967 returns filed by Charles between 2009 and 2013. See Maj. Op. at 289-90 (summarizing Exhibit 116a). Exhibit 116a included: (i) the percentage of the returns that claimed an Earned Income Tax Credit; (ii) the percentage that incorporated an IRS Schedule C Form; (iii) the percentage that listed the taxpayer’s occupation as “dancer,” and (iv) the total dollar amount that Charles earned from her tax preparation business. This exhibit was offered by the government to show: (i) that most of the 967 returns were fraudulent, and therefore the twenty-five returns charged in the indictment could not have been false by mistake; and (ii) that Charles received a substantial amount of money from her tax preparation business that was never reported on her personal income tax returns.[1]
In this appeal, Charles argues that Exhibit 116a should have been excluded under Federal Rule of Evidence 404(b)— which prohibits the use of a defendant’s prior wrongful acts to show that she committed a specific crime on a particular occasion—because the government never laid any foundation that the bulk of the returns summarized in Exhibit 116a were fraudulent. The majority holds that if it was error to admit the exhibit, that error was harmless as a matter of law. Maj. Op. at 292. Because I conclude that it was most certainly error for the district court to admit Exhibit 116a without proper foundation, and the exhibit deprived Charles of any meaningful opportunity to mount a successful defense, I respectfully dissent.[2] I would vacate Charles’ convictions and sentence and remand for a new trial.
1. Exhibit 116a Should Have Been Deemed Inadmissible as Rule 404(b) Evidence
Federal Rule of Evidence 404(b) provides as follows:
*294 (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person’s character in order to show that on a particular occasion the person acted in accordance with the character.
(2) Permitted Uses; Notice in a Criminal Case; This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
(B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.
When reviewing a district court’s decision to admit evidence of a' defendant’s extraneous wrongful conduct under Rule 404(b), we must generally make three determinations: (i) was there a sufficient foundation that the wrongful conduct actually occurred? (ii) is the evidence being offered for a permissible purpose? and (iii) should the evidence nevertheless be excluded as unfairly prejudicial under Federal Rule of Evidence 403? See United States v. Gibbs, 797 F.3d 416, 422 (6th Cir. 2015). We review the district court’s finding that the wrongful conduct actually occurred for clear error. Id.
In this case, the district court committed reversible error in admitting Exhibit 116a for two reasons. First, the government did not offer a sufficient foundation to use Exhibit 116a as evidence that Charles falsified any tax returns other than the twenty-five it charged in the indictment. The Supreme Court has long held that in “the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor,” Huddleston v. United States, 485 U.S. 681, 689, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); see also Dowling v. United States, 493 U.S. 342, 348, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). “The prosecution is not required to prove by a preponderance of the evidence that a prior bad. act occurred,” United States v. Mack, 729 F.3d 594, 602 (6th Cir. 2013), but it must offer enough evidence to show a “substantial probability” that the defendant actually committed the prior bad acts she is accused of. United States v. Lattner, 385 F.3d 947, 956 (6th Cir. 2004).
In this case, Charles was charged with twenty-five counts of making false statements to the government. At trial, the government offered evidence showing that the twenty-five tax returns underlying the twenty-five false statement counts contained false and fraudulent information; specifically, the ten taxpayers associated with these twenty-five returns testified that the returns did not accurately report their income, and that Charles had offered to falsify the returns. However, the government offered no evidence whatsoever that any of the hundreds of other tax returns filed by Charles and summarized in Exhibit 116a were fraudulent, and thus failed to lay the proper foundation to admit the exhibit as Rule 404(b) evidence.
The government argues that the jury could have inferred that all 967 of the tax returns summarized in Exhibit 116a were fraudulent because those returns were similar to the twenty-five that the government proved were inaccurate through trial testimony, but this argument badly misses the mark. Perfectly valid tax returns may look identical in every way to tainted ones; the only way to tell that a return is fraudulent is to offer evidence that it does not actually reflect the financial circumstances of the taxpayer, as the government did for *295 each of the twenty-five fraudulent returns charged in the indictment. Moreover, the government’s reasoning is circular. The government asked the district court to infer that Charles falsified up to 967 tax returns because many of the returns she filed bore similarities with the twenty-five returns charged in the indictment, but wanted the jury to make the inverse inference that Charles must have falsified the twenty-five charged returns because she falsified the hundreds of returns summarized in Exhibit 116a. Our precedents establish that this species of logical trickery is insufficient to cany the government’s burden to provide “independent evidence” that its proposed exhibit “is probative of the material issue for which it was offered”—in this case, that Charles falsified other returns beyond those charged in the indictment. See, e.g., United States v. Hentzen, 638 Fed.Appx. 427, 433-34 (6th Cir. 2015) (holding that Rule 404(b) evidence was erroneously admitted where government relied on similar circular logic to justify evidence’s admission without any independent evidence establishing the evidence’s probative value). Because the government offered no evidence that would allow the jury to properly infer that all (or even most) of the 967 returns summarized in Exhibit 116a were invalid, Exhibit 116a should not have been admitted as evidence that Charles submitted false returns beyond those charged in the indictment.[3]
Second, the district court erred by failing to make any factual findings regarding whether the uncharged returns summarized in Exhibit 116a were fraudulent. We have held that the “lack of the requisite factual finding that the prior act occurred constitutes clear error,” Mack, 729 F.3d at 602, unless the district court’s discussion of a Rule 404(b) motion is so exhaustive that we can infer that the district court made the necessary factual finding even if it did not explicitly say so. See Lattner, 385 F.3d at 956 (“The district court, by denying Lattner’s motion to suppress after such lengthy exposition of the issues, ruled that there was a substantial probability that the other acts had occurred.”). The record discloses no indication that the district court seriously grappled with the government’s lack of evidence that the bulk tax returns summarized in Exhibit 116a were fraudulent. And the district court’s failure to make an explicit finding that the uncharged returns were fraudulent deprives us of the ability to conduct meaningful appellate review. Accordingly, I would also conclude that the district court clearly erred by failing to make a factual finding as to whether any of the uncharged returns summarized in Exhibit 116a were fraudulent.
*296 II. The Error Was Not Harmless
The majority concludes that any error in admitting Exhibit 116a was harmless, because the evidence against' Charles was “overwhelming.” See Maj. Op. at 292; see also Fed. R. Crim. P. 52(a) (directing courts to disregard any “error, defect, irregularity, or variance that does not affect substantial rights”); Mack, 729 F.3d at 603 (“[Ajdmission of other-act evidence constitutes harmless error ‘if the record evidence of guilt is overwhelming, eliminating any fair assurance that the conviction was substantially swayed by the error.’ ” (quoting United States v. Clay, 667 F.3d 689, 700 (6th Cir. 2012))). I respectfully disagree.
As the majority recounts, the government’s evidence against Charles principally consisted of testimony from ten of her clients that Charles prepared their “returns for them and that the returns did not accurately reflect the income or business-activity information they had provided to Charles.” Maj. Op. at 292. Charles, by contrast, testified that she had merely given her clients the knowledge necessary to file their own returns, and that any falsehoods in the returns were therefore the result of her clients’ own wrongdoing. The jury’s task was thus to assess who was more credible: Charles or her clients. Each of the ten witnesses had a strong incentive to deflect responsibility for the false information in the defective tax returns onto another party, and to deny his or her own culpability.
In this context, Exhibit 116a was extremely prejudicial because it totally destroyed Charles’ credibility. United States v. Corsmeier, 617 F.3d 417, 422 (6th Cir. 2010) (error not harmless where improperly admitted evidence “muddied the image of a successful businesswom[a]n that Defendant hoped to paint”). Charles may have been able to convince at least one juror that ten of her clients were lying to cover up their own fraud, but no rational person would believe that hundreds of clients encompassing 967 tax returns would have all lied on their returns in almost exactly the same way. Exhibit 116a was thus an unusually potent weapon for the government because it struck right at the core of Charles’ defense strategy. See United States v. Johnson, 27 F.3d 1186, 1193 (6th Cir. 1994) (“When jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact. That, of course, is why the prosecution uses such evidence whenever it can.”). Indeed, the government emphasized the exhibit in its closing argument to the jury, arguing that Charles had a motive' to commit the crimes charged in the indictment because she reaped hundreds of thousands of dollars in fees from hundreds of (impliedly) fraudulent tax returns. See State Farm Mut. Auto. Ins. Co. v. Accident Victims Home Health Care Servs., Inc., 467 Fed.Appx. 368, 373 (6th Cir. 2012) (error not harmless where the opposing party “emphasized the improperly admitted evidence when it asked the jury to return a verdict in its favor, and the district court did not give any cautionary instructions to the jury concerning this evidence”); United States v. Richardson, 597 Fed.Appx. 328, 337 (6th Cir. 2015) (error not harmless where prosecution emphasized improper evidence in closing argument, and evidence was of defendant’s prior commission of the same offense). The government should not have been given such a substantial trial advantage without first offering some evidence that the returns summarized in Exhibit 116a actually contained false information, and should have been limited to offering Exhibit 116a as evidence that Charles failed to report income oh her own tax returns. See Clay, *297 667 F.3d at 701 (error not harmless where it permitted jury to make adverse inference that was not supported by the record).
Accordingly; because the district court’s error in admitting Exhibit 116a as evidence that Charles had falsified hundreds of tax returns was grossly prejudicial and not harmless, I must respectfully dissent from the majority’s decision to affirm Charles’ convictions and sentence.

, Judge Guy argues that Exhibit 116a was admissible because it summarized tax returns linked to Charles, and was relevant to the charges levied against her, See Concurring Op. However, as explained herein, Exhibit 116a should not have been admitted as Rule 404(b) evidence because the government failed to put forward any evidence that the vast majority of the returns summarized in the exhibit were fraudulent—the exhibit’s relevance is not in issue. See infra, § I. Judge Guy also makes the odd claim that "there can be no doubt as to the authenticity of the [exhibit] since the summary consisted of information from the records of the IRS.” This is simply not true as a general proposition. Although the accuracy of the numbers recited in Exhibit 116a is not at issue in this appeal, nothing in the Rules of Evidence prevents a defendant from offering evidence that an IRS summary contains false or misleading information. Whether any given exhibit is accurate depends on whether the exhibit was compiled correctly and reliably, and not whether it purports to come from the federal government’s records.

. However, I do not dispute the majority’s conclusion that Charles' challenge to the standard of proof the district court used in performing the loss calculation for Charles’ sentence is foreclosed by our precedents. See Maj. Op. at 290-92 (collecting cases).

. Without any corroborating evidence to show, that all of the returns summarized in Exhibit 116a were fraudulent, the exhibit itself was irrelevant as to the twenty-five false claim counts, and therefore unfairly prejudicial as to those counts. See Huddleston, 485 U.S. at 689, 108 S.Ct. 1496. However, Exhibit 116a may have been relevant as to the two counts that charged Charles with committing fraud in her own tax returns. The exhibit purported to show that Charles received substantial income from her tax preparation activities that she did not report on her tax returns. This may have been sufficient to justify the exhibit’s admission under Rule 401, even though the exhibit had no probative value as to the false claim counts. See, e.g., United States v. Jones, 748 F.3d 64, 70 (1st Cir. 2014) (holding that evidence is admissible when it is relevant as to one count, even if it is irrelevant as to others); United States v. Morris, 532 F.2d 436, 444 (5th Cir. 1976) (same). But the exhibit should not have been used as evidence that Charles was guilty of the false claim counts, and Charles was entitled to a cautionary instruction to that effect. See Fed. R. Evid. 105 ("If the court admits evidence that is admissible against a party or for a purpose—but not ... for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.”).